[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 461.]

THE STATE EX REL. SHERRILLS, APPELLANT, *v.* COMMON PLEAS OF CUYAHOGA COUNTY, APPELLEE.

[Cite as *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 1995-Ohio-26.]

*Writ of procedendo to order common pleas court to make certain rulings on postconviction relief petition and various other motions—Court of appeals' dismissal of complaint affirmed, when.*

(No. 95-322—Submitted May 9, 1995—Decided July 5, 1995.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 68143.

————————————

{¶ 1} On November 14, 1994, appellant, Daries Sherrills, an inmate at Marion Correctional Institute, filed a complaint for a writ of procedendo in the Court of Appeals for Cuyahoga County. Sherrills alleged that he had mailed a petition for postconviction relief, a motion for discovery, and an application for bail through the prison mailing system on October 21, 1994, and that these documents were filed by the clerk of appellee, Cuyahoga County Court of Common Pleas, on October 25 and 27, 1994. Sherrills claimed that the filing of his postconviction relief petition two days following his discovery motion and bail application constituted a dereliction of duty by the clerk. Sherrills requested a writ of procedendo compelling the common pleas court to order his discharge or produce a complete record, grant his discovery motion and application for bail, and hold an evidentiary hearing forthwith.

{¶ 2} The court of appeals granted the common pleas court's Civ.R. 12(B)(6) motion and dismissed the complaint. The cause is now before this court upon an appeal as of right.

————————————

*Daries Sherrills*, *pro se*.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Diane Smilanick*, Assistant Prosecuting Attorney, for appellee.

_____

*Per Curiam.*

{¶ 3} Sherrills asserts in his propositions of law that the court of appeals erred in dismissing his complaint for a writ of procedendo. In determining whether a complaint states a claim upon which relief can be granted, all factual allegations of the complaint must be presumed to be true and all reasonable inferences must be made in favor of the nonmoving party. *Perez v. Cleveland* (1993), 66 Ohio St.3d 397, 399, 613 N.E.2d 199, 200. In order to dismiss a complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts warranting relief. *Id.*; *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. In addition, we have generally held that unsupported conclusions of an inmate's complaint for extraordinary relief are not considered admitted and are insufficient to withstand a motion to dismiss. See *State ex rel. Fain v. Summit Cty. Adult Probation Dept.* (1995), 71 Ohio St.3d 658, 659, 646 N.E.2d 1113, 1114, and cases cited therein.

{¶ 4} A writ of procedendo will not issue unless the relator establishes a clear legal right to that relief and that there is no adequate remedy at law. *State ex rel. Brown v. Shoemaker* (1988), 38 Ohio St.3d 344, 345, 528 N.E.2d 188, 189. The relator must also establish a clear legal duty on the part of the court to proceed when the case is still at the pleading stage. Whiteside, Ohio Appellate Practice (1994) 146-23, Section T 10.24(B); *State ex rel. Cochran v. Quillin* (1969), 20 Ohio St.2d 6, 49 O.O.2d 53, 251 N.E.2d 607 (procedendo does not lie to interfere with ordinary court procedure or process).

**{¶ 5}** Sherrills requested a writ of procedendo to order the common pleas court to make certain rulings on his postconviction relief petition and various other motions. However, "'[t]he writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be.'" *State ex rel. Hansen v. Reed* (1992), 63 Ohio St.3d 597, 600, 589 N.E.2d 1324, 1326-1327, quoting *State ex rel. Davey v. Owen* (1937), 133 Ohio St.96, 106, 10 O.O. 102, 106, 12 N.E.2d 144, 149. Further, to the extent that Sherrills claims entitlement to an evidentiary hearing on his petition for postconviction relief, courts are not required to hold a hearing in all postconviction cases. *State ex rel. Jackson v. McMonagle* (1993), 67 Ohio St.3d 450, 451, 619 N.E.2d 1017, citing R.C. 2953.21(C).

**{¶ 6}** A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Doe v. Tracy* (1988), 51 Ohio App.3d 198, 200, 555 N.E.2d 674, 677. Sherrills did not allege that the court of common pleas refused to rule on his postconviction relief petition and motions. Additionally, as the court of appeals emphasized, at the time Sherrills filed his complaint for a writ of procedendo, his postconviction relief petition and motions had been pending for only two to three weeks. Since there was no undue delay, it was beyond doubt that Sherrills could prove no set of facts establishing his entitlement to extraordinary relief. *State ex rel. Hand v. Cuyahoga Cty. Probate Court* (1991), 62 Ohio St.3d 110, 579 N.E.2d 704 (no entitlement to writ of procedendo when there is no allegation of delay); see, also, *State ex rel. Martinelli v. Corrigan* (1994), 68 Ohio St.3d 362, 626 N.E.2d 954 (writ of mandamus will not lie to compel court to rule on motion within one week of date filed); *State ex rel. Tillimon v. Weiher* (1992), 65 Ohio St.3d 468, 605 N.E.2d 35 (writ of mandamus will not issue to compel court to release its decisions promptly).

{¶ 7} The court of appeals properly granted the common pleas court's motion and dismissed the complaint. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____