[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] PER CURIAM
 OPINION
This original action in procedendo is presently before this court for consideration of respondent's motion to dismiss, filed on September 24, 1998. As the basis for his motion, respondent, Judge Wyatt McKay of the Trumbull County Court of Common Pleas, primarily contends that the petition of relator, John Dean, fails to state a viable claim because relator is seeking to control respondent's discretion in issuing a decision in an underlying case. For the following reasons, we hold that the motion to dismiss has merit.
In maintaining the instant action, relator has requested that respondent be ordered to rule upon the merits of a petition to "terminate" relator's criminal sentence. This request for relief is based upon the following allegations: (1) in May 1998, relator filed a petition to terminate his sentence on the basis that the sentencing court had not had subject matter jurisdiction; (2) in June 1998, respondent issued a judgment in which he construed the petition to terminate as a petition for a writ of mandamus; (3) respondent then dismissed the "mandamus" petition for failure to state a viable claim; and (4) after respondent had rendered the foregoing decision, relator moved for relief from judgment under Civ.R. 60(B)(5).
In relation to the fourth allegation, relator also asserts that his Civ.R. 60(B) motion raised the same argument as his procedendo petition. In both, relator essentially argues that respondent erred in dismissing his petition to terminate, and that respondent should be required to address the merits of his jurisdictional argument.
As a general proposition, a writ of procedendo is an order under which a court of superior jurisdiction can require a court of inferior jurisdiction to proceed to judgment in an action.State ex rel. Hand v. Cuyahoga Cty. Probate Court (1991), 62 Ohio St.3d 110. To establish his entitlement to such a writ, a relator must show that he has a clear legal right to the issuance of such an order and that he has no adequate remedy at law. State ex rel.Sherrills v. Cuyahoga Cty. Court of Common Pleas (1995), 72 Ohio St.3d 461,462.
As to the first of the foregoing elements, the Supreme Court of Ohio has held that a writ of procedendo will not lie to control the discretion of a trial judge. State ex rel. Levin v. SheffieldLake (1994), 70 Ohio St.3d 104, 106. Stated differently, such a writ cannot be used to require a trial judge to reach a particular decision. Sherrills.
In the instant action, relator admits in his procedendo petition that respondent has rendered a judgment dismissing his petition to terminate. Notwithstanding the existence of this judgment, relator has requested that respondent be required to render a second judgment which addresses the merits of his jurisdictional argument. By making such a request, relator is asking this court to determine that respondent's decision to dismiss the petition to terminate was incorrect. Thus, the procedendo petition does not state a viable claim because relator wants this court to dictate the type of decision respondent must render in ruling upon the petition to terminate.
Furthermore, we would indicate that because respondent's dismissal decision fully determines relator's rights under his petition to terminate and prevents a judgment in his favor on the matter, it constituted a final order which relator could have appealed. See R.C. 2505.02. As a result, relator had an adequate legal remedy because he could have employed the appeal to reach the same outcome which he has sought in the instant action.
As part of his procedendo petition, relator has also requested that respondent be ordered to issue findings of fact and conclusions of law as to his petition to terminate. However, in applying Civ.R. 52, the Supreme Court of Ohio has held that a trial judge is required to issue findings of fact and conclusions of law when the judge dismisses a petition under Civ.R. 12(B)(6).State ex rel. Drake v. Athens Cty. Bd. of Elections (1988),39 Ohio St.3d 40, 41. Therefore, respondent has no clear duty to perform this particular act.
Finally, this court would note that relator has not contested the fact that respondent has issued a judgment denying his motion for relief from judgment. Thus, given that a writ of procedendo will not lie to control respondent's decision to dismiss the petition to terminate, it follows that the writ will not be issued to control his decision as to the motion for relief from judgment.
A motion to dismiss under Civ.R. 12(B)(6) will be granted when it appears beyond doubt that, even if the allegations in the petition are presumed true, the relator will not be able to prove a set of facts which would entitle him to the requested relief.Sherrills. Pursuant to the foregoing discussion, this court concludes that the dismissal of relator's procedendo petition is warranted because the nature of his allegations are such that they show that he will not be able to satisfy any element of his claim.
Therefore, respondent's motion to dismiss is granted. It is the order of this court relator's procedendo petition is hereby dismissed. ______________________________ PRESIDING JUDGE DONALD R. FORD ______________________________ JUDGE JUDITH A. CHRISTLEY ______________________________ JUDGE WILLIAM M. O'NEILL