JOURNAL ENTRY AND OPINION
Defendant/appellant Robert E. Gearing was convicted in 1991 of one count of rape, R.C. 2907.02. His conviction was affirmed by this court in State v. Gearing (Apr. 8, 1993), Cuyahoga App. No. 62202, unreported. The Supreme Court of Ohio denied Gearing's motion for leave to file a delayed appeal in State v. Gearing
(1996), 75 Ohio St.3d 1485. In the meantime, on or about January 21, 1994, Gearing filed a motion in the common pleas court to vacate the judgment and conviction, pursuant to R.C. 2953.21. After several changes in judicial assignments, the common pleas court denied Gearing's petition for post-conviction relief with findings of fact and conclusions of law issued on April 14, 1998.[1] Gearing now appeals from the judgment that denied him post-conviction relief. For the reasons stated herein, we affirm.
In an earlier opinion that affirmed Gearing's conviction on direct appeal, this court recounted the following facts: For several years, both Gearing and the victim lived in the same apartment building for which Gearing occasionally acted as the custodian or "maintenance man." The victim said she feared Gearing because he often called her names and struck her. The victim testified that on the date of the offense she saw Gearing outside the apartment building when she left her apartment at approximately 2:00 p.m. to buy cigarettes at a nearby store, and that Gearing was still there when she returned. As the victim attempted to enter her apartment building, Gearing "grabbed" her around the neck, unbuttoned her pants, and called her "a bitch." The victim was able, however, to pull away from Gearing and return upstairs to her apartment.
At approximately 6:30 p.m. that day, the victim again went to the store to buy cigarettes. When she returned a short time later, she saw Gearing in the first floor hallway. Gearing again "grabbed" the victim around the neck and told her that "it was time for [her] to give him his payment," which she "owed him." Gearing then dragged the victim into an unoccupied first floor apartment, removed the victim's pants and Gearing's own clothes, and forced the victim to have vaginal intercourse on a mattress. The victim stated that she screamed for Gearing to stop and that Gearing pushed a rock of crack cocaine down her throat and told her that it was her "payment." The victim reported that she pulled up her pants and ran to the apartment of her building's resident manager on the third floor. They eventually called the police and the victim was subsequently transported by ambulance to a local hospital where she was treated for rape. Gearing reportedly gave conflicting statements to the police.
Following trial by jury, Gearing was convicted of one count of rape, R.C. 2907.02, but was acquitted of one count of kidnaping, R.C. 2905.01. Gearing was represented by new counsel for his direct appeal. This court affirmed Gearing's rape conviction despite his contention that the verdict was against the weight of the evidence, that prosecutorial misconduct deprived him of a fair trial, and that his trial lawyer rendered ineffective assistance of counsel.
For the instant appeal, Gearing presents one assignment of error:
 WHEN DOCUMENTARY EVIDENCE OF MATERIAL ISSUES RAISED IN POST-CONVICTION PETITION ARE BROUGHT FORTH AN EVIDENTIARY HEARING IS REQUIRED.
The assignment of error is not well taken.
Courts are not required to hold a hearing in all post-conviction cases. State ex rel. Sherrills v. Cuyahoga Cty. Courtof Common Pleas (1995), 72 Ohio St.3d 461; State ex rel. Jacksonv. McMonagle (1993), 67 Ohio St.3d 450. Pursuant to R.C. 2953.21
(C), a petition for post-conviction relief may be dismissed without a hearing if the petition and supporting evidentiary material does not set forth sufficient operative facts demonstrating that there are substantive grounds for relief. SeeState v. Jackson (1980), 64 Ohio St.2d 107; State v. Apanovitch
(1996), 113 Ohio App.3d 591. A post-conviction petition barred by res judicata may be dismissed without a hearing. See State v.Lentz (1994), 70 Ohio St.3d 527, 529; State v. Perry (1967),10 Ohio St.2d 175. The Supreme Court of Ohio has stated:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus; State v.Perry, supra, syllabus at paragraph 9.
In the case at hand, Gearing contends he was entitled to post-conviction relief because his conviction on the charge of rape was inconsistent with his acquittal on the charge of kidnaping. The trial court correctly ruled that this issue was reviewed and rejected in Gearing's direct appeal, which determined that Gearing's rape conviction was not against the manifest weight of the evidence and is therefore res judicata in this proceeding. Gearing's additional contention that rape and kidnaping can be allied offenses of similar import is immaterial here because that body of law prohibits duplicative convictions, whereas Gearing was convicted only of the offense of rape.
Similarly, the contention that the prosecutor's inquiry on cross-examination about a 1980 theft conviction constituted prosecutorial misconduct was thoroughly reviewed and rejected in Gearing's direct appeal and is res judicata in this case.
Gearing lastly contends that his trial lawyer rendered ineffective assistance of counsel because he did not introduce the transcript of the preliminary hearing held on April 18, 1991 in the East Cleveland Municipal Court and did not adequately cross-examine the victim concerning her medical records or her prior statements. These contentions were argued by Gearing's new counsel in his direct appeal and, having been reviewed and rejected at that time, are res judicata in this proceeding. Gearing did not show then, nor has he shown now, that his trial counsel's performance was objectively unreasonable or that he was prejudiced by his counsel's performance. See State v. Bradley
(1989), 42 Ohio St.3d 136.
The lower's court's findings of fact and conclusions of law confirm that Gearing's petition and supporting evidentiary material did not set forth sufficient operative facts demonstrating substantive grounds for relief. This record instead established that Gearing's petition was barred by res judicata
and that Gearing was not entitled to a hearing on his petition. We find no error in that determination. Accordingly, we overrule Gearing's assignment of error.
The judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J., and
TERRENCE O'DONNELL, J., CONCUR.
 _______________________ DIANE KARPINSKI JUDGE
[1] The Supreme Court of Ohio summarily dismissed one of Gearing's mandamus complaints in State ex rel. Gearing v. Gaughan
(1995), 72 Ohio St.3d 1537, and we dismissed another mandamus complaint as moot in State ex rel. Gearing v. Coyne (Apr. 30, 1998), Cuyahoga App. No. 74153, unreported.