Relator requests that this court compel respondent judge to issue findings of fact and conclusions of law with respect to the petition for postconviction relief filed by relator in State v.Nelson, Cuyahoga County Court of Common Pleas Case No. CR-212590 on September 17, 1996.
Respondent has filed a motion to dismiss attached to which is a copy of the findings of fact and conclusions of law issued by respondent and received for filing by the clerk on September 14, 1999. Respondent argues that this action in mandamus is, therefore, moot. We agree.
Relator requests, however, that we deny the motion to dismiss, order respondent to vacate the findings of fact and conclusions of law, and compel "Respondent to proceed to judgment in accordance with the law * * *." Brief in Opposition to Motion to Dismiss, at 1. "[M] andamus may not be utilized to control judicial discretion and require a judge to exercise his discretion in a certain manner. R.C. 2731.03; State ex rel.DeVille Photography, Inc. v. McCarroll (1958), 167 Ohio St. 210. Herein, mandamus may not be used to order the respondent to grant judgment on behalf of the relator. State ex rel. Tillimon v.Weiher [(1992), 65 Ohio St.3d 468]." State ex rel. Douglas v.Fuerst (Dec. 30, 1996), Cuyahoga App. No. 71595, unreported. Likewise, procedendo may not be used to compel a court to rule in a certain way. State ex rel. Frazer v. Ferreri (July 2, 1996), Cuyahoga App. No. 70228, unreported, at 3 citing State ex rel.Sherrills v. Cuyahoga Cty. Court of Common Pleas (1995), 72 Ohio St.3d 461,462, 650 N.E.2d 899. As a consequence, relief in mandamus or procedendo would be inappropriate.
Sua sponte, we convert the motion to dismiss to a motion for summary judgment because the motion relies on material outside the pleading. See Civ. R. 12(B), 56; State ex rel. Jackson v.Fuerst (Feb. 25, 1999), Cuyahoga App. No. 75646, unreported.
Accordingly, respondent's motion to dismiss, which has been converted to a motion for summary judgment, is granted. Respondent to pay costs.
Writ denied.
 ANN DYKE, J., CONCURS.
 _________________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE