DECISION
{¶ 1} Relator, Robert Draper ("relator"), an inmate of the Chillicothe Correctional Institution ("CCI"), requests this court to issue a writ of procedendo ordering respondent, *Page 2 
State of Ohio, to rule on a June 1, 2006 motion that he filed in the Franklin County Court of Common Pleas. The Franklin County Prosecuting Attorney has filed a motion for summary judgment on behalf of "respondent `State of Ohio'" as well as a motion for leave to file said motion.
 {¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth Appellate District, this matter was referred to a magistrate who considered the action on its merits and issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate determined, in relevant part, that relator failed to comply with R.C.2969.25(A) and (C) as he failed to file with the court an affidavit that contains a description of each civil action or appeal of a civil action filed by relator in the previous five years, and failed to file an appropriate affidavit of waiver of fees and indigency. The magistrate noted that compliance with these provisions are mandatory and that failure to satisfy the statutory requirements are grounds for dismissal.State ex rel. Washington v. Ohio Adult Parole Auth., 87 Ohio St.3d 258,1999-Ohio-53, 719 N.E.2d 544; State ex rel. Zanders v. Ohio ParoleBd., 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; and State ex rel.Alford v. Winters, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242. Therefore, the magistrate recommended the court sua sponte dismiss the action and deny respondent's motion for leave to file summary judgment as moot.
 {¶ 3} No objections have been filed to the magistrate's decision.
 {¶ 4} Finding no error of law or other defect in the magistrate's decision, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law therein. In accordance with the magistrate's decision, the requested writ of procedendo is *Page 3 
dismissed and respondent's motion for leave to file summary judgment is denied, such being moot.
Writ of procedendo dismissed; motion for leave to file summaryjudgment denied.
 McGRATH and TYACK, JJ., concur. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION IN PROCEDENDO ON SUA SPONTE DISMISSAL AND ON RESPONDENT'S MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT {¶ 5} In this original action, relator, Robert Draper, an inmate of the Chillicothe Correctional Institution ("CCI"), requests that this court issue a writ of procedendo.
Findings of Fact: {¶ 6} 1. On April 27, 2007, relator, a CCI inmate, filed this original action requesting that this court issue a writ of procedendo. *Page 5 
 {¶ 7} 2. The complaint names "State of Ohio" as the sole respondent in this action.
 {¶ 8} 3. On April 30, 2007, the Franklin County Clerk of Courts, by certified mailed, issued summons addressed as follows:
 State of Ohio C/O Franklin County Pros 373 South High Street 14th Floor Columbus, OH 43215
 {¶ 9} 4. On June 22, 2007, the Franklin County Prosecuting Attorney filed a motion for summary judgment on behalf of "respondent `State of Ohio.'" Also, the prosecuting attorney filed a motion for leave to file the same.
 {¶ 10} 5. In his complaint, relator alleges that, on June 1, 2006, he filed in the Franklin County Court of Common Pleas a motion that has not been ruled upon. Apparently, relator wants this court to issue a writ ordering the court of common pleas to rule on his motion.
 {¶ 11} 6. Attached to the complaint is a document captioned "Affidavit" containing a court of common pleas file stamp date of June 1, 2006. In the document, relator moves the court of common pleas "to drop this Judicial Sanction on the ground's that Defendant Robert Draper was not notified that he would be on `PRC and neither was at incorporated within his sentence, by Judge Michael H. Watson in his `Judgment Entry' Dated 18th day of November, 1998." *Page 6 
 {¶ 12} 7. Apparently, the document described at paragraph six above is the June 1, 2006 motion that relator alleges has not been ruled upon by the court of common pleas.
 {¶ 13} 8. Relator has not tendered the filing fees required for the filing of original actions in this court.
 {¶ 14} 9. With his complaint, relator filed an affidavit of indigency which he executed April 24, 2007. However, relator has not filed a statement setting forth the balance of his inmate account for each of the preceding six months as certified by the institutional cashier.
 {¶ 15} 10. Relator has also failed to file an affidavit, pursuant to R.C. 2969.25(A), that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years.
Conclusions of Law: {¶ 16} It is the magistrate's decision that this court sua sponte dismiss this action for the reasons explained below.
 {¶ 17} Procedendo is an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. State ex rel.Sherrills v. Cuyahoga Cty. Court of Common Pleas (1995),72 Ohio St.3d 461, 462. The writ does not in any case attempt to control the inferior court as to what that judgment might be. Id. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. Id. *Page 7 
 {¶ 18} In this action, relator has failed to name the Franklin County Court of Common Pleas as the respondent. Clearly, "State of Ohio" is not a court and thus relator has failed to name the party against whom a writ of procedendo could issue.
 {¶ 19} Moreover, the Franklin County Prosecuting Attorney has not entered an appearance in this action on behalf of the Franklin County Court of Common Pleas even though he has indeed entered an appearance for the purpose of filing a motion for leave to file a motion for summary judgment.
 {¶ 20} In the absence of naming the Franklin County Court of Common Pleas as the respondent in this action, relator has failed to state a claim upon which relief in procedendo can be granted. This failure alone is grounds for dismissal of this action. Civ.R. 12(B)(6).
 {¶ 21} R.C. 2969.25(A) requires that an inmate who commences a civil action against a governmental entity or employee shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years.
 {¶ 22} R.C. 2969.25(C) requires that an inmate who seeks a waiver of the prepayment of the full filing fees shall file with the complaint an affidavit of waiver and indigency. The affidavit shall contain a statement setting forth the balance of the inmate account for each of the preceding six months, as certified by the institutional cashier. The affidavit shall also contain a statement that sets forth all other cash and things of value owned by the inmate.
 {¶ 23} Relator has failed to comply with R.C. 2969.25(A) and (C). Compliance with those provisions is mandatory and failure to satisfy the statutory requirements is *Page 8 
grounds for dismissal. State ex rel. Washington v. Ohio Adult ParoleAuth. (1999), 87 Ohio St.3d 258; State ex rel. Zanders v. Ohio ParoleBd. (1998), 82 Ohio St.3d 421; and State ex rel. Alford v. Winters
(1997), 80 Ohio St.3d 285.
 {¶ 24} Accordingly, it is the magistrate's decision that this court sua sponte dismiss this action. Given that this action should be sua sponte dismissed, respondent's motion for leave to file a motion for summary judgment is rendered moot and, on that basis, is denied.
 KENNETH W. MACKE MAGISTRATE *Page 1