OPINION
{¶ 1} Petitioner has filed a "Complaint for Writ of Procedendo/Motion to Dismiss" requesting this Court issue an order which requires the trial court to dismiss the motion for permanent custody filed by Muskingum County Children Services.
 {¶ 2} To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." Miley, supra, at 65, citing State ex rel. Sherrills v. Cuyahoga Cty. Court of CommonPleas (1995), 72 Ohio St.3d 461, 462. The Supreme Court has noted, "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be." State ex rel. Davey v. Owen, 133 Ohio St. 96, *106, 12 N.E.2d 144, **149 (1937)
 {¶ 3} Petitioner bases her request for a writ of procedendo upon the trial court's failure to comply with R.C. 2151.414(A)(2) which states,
 {¶ 4} (2) The court shall hold the hearing scheduled pursuant to division(A)(1) of this section not later than one hundred twenty days after the agency files the motion for permanent custody, except that, for good cause shown, the court may continue the hearing for a reasonable period of time beyond the one-hundred-twenty-day deadline. The court shall issue an order that grants, denies, or otherwise disposes of the motion for permanent custody, and journalize the order, not later than two hundred days after the agency files the motion.
 {¶ 5} If a motion is made under division (D)(2) of section 2151.413 of the Revised Code and no dispositional hearing has been held in the case, the court may hear the motion in the dispositional hearing required by division (B) of section 2151.35 of the Revised Code. If the court issues an order pursuant to section 2151.353 of the Revised Code granting permanent custody of the child to the agency, the court shall immediately dismiss the motion made under division (D)(2) of section 2151.413 of the Revised Code. *Page 3 
 {¶ 6} The failure of the court to comply with the time periods set forth in division (A)(2) of this section does not affect the authority of the court to issue any order under this chapter and does not provide any basis for attacking the jurisdiction of the court or the validity of any order of the court.
 {¶ 7} Relator complains the trial court has failed to issue an order disposing of the permanent custody motion within 200 days of its filing. Respondent has filed a Motion for Summary Judgment urging this Court to find Relator has an adequate remedy at law.
 {¶ 8} The motion for permanent custody was filed on October 16, 2006. Two hundred days from the filing of this motion would be May 1, 2007. The trial court scheduled a hearing on the motion for March 22, 2007. On February 28, 2007, Petitioner filed a motion to continue the March 22nd hearing. This motion was granted by the trial court, and the hearing was rescheduled for July 31, 2007. Again, Petitioner moved to continue the hearing; however, the trial court denied the motion. At the same time, Petitioner also filed a "Motion to Bifurcate" which was granted.
 {¶ 9} The trial court held a hearing on July 31, 2007; however, additional time was needed to complete the hearing. The trial court then scheduled the continuance of the hearing for November 5 and 6, 2007. On October 11, 2007, Petitioner moved the court to continue the November hearing. The trial court denied this motion. Petitioner filed a renewed motion for continuance on November 1, 2007. On November 2, 2007, the trial court continued the November hearings, which are now scheduled for February 6 and 7, 2008.
 {¶ 10} It is well accepted law that a party is not permitted to complain of an error which said party invited or induced the trial court to make. Hastings Mut. Ins. Co. v. McCoy, 2007 WL 1462464, *4 (Ohio App. 5 Dist.). Petitioner has requested four *Page 4 
continuances, three of which have been granted. It is apparent the delays were at least precipitated by the requests of Petitioner. Petitioner cannot cause the delay and then complain the trial court accommodated him. Therefore, we decline to order the trial court to proceed immediately to complete the hearing and issue a ruling on the motion for permanent custody.
 {¶ 11} Petitioner suggests she has been deprived of due process due to the length of delay; however, this issue is not one which would deprive the trial court of jurisdiction to conclude the motion. The statute relied upon by Petitioner expressly provides for continued jurisdiction for the trial court even where the trial court fails to meet the deadlines imposed. Petitioner has an adequate remedy at law to raise this issue on direct appeal should the trial court rule against her. Therefore, we decline to order the trial court to dismiss the motion for permanent custody.
 {¶ 12} The writ of procedendo is being denied because the delays in this matter were granted mostly at the request of the Petitioner. The filing of an additional petition for a writ may be appropriate if this matter is further delayed due to the inaction or action of the trial court or of Children's Services.
 {¶ 13} Petitioner's Petition for Writ of Procedendo/Motion to Dismiss is denied. Respondent's Motion for Summary Judgment is granted due to our finding Petitioner has an adequate remedy at law. *Page 5 
 {¶ 14} WRIT DENIED.
 Edwards, J., Gwin, P. J. and Farmer, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the Writ of Procedendo/Motion to Dismiss is hereby denied.
 Costs taxed to Petitioner. *Page 1