OPINION *Page 2 
{¶ 1} This case originated upon Petitioner's Verified Complaint in Procedendo with Motion for Alternate Writ, as well as a Memorandum of Law. Respondent, Judge Charles Brown, has filed a Motion to Dismiss. Bishop Well Services Corporation (hereinafter, "Bishop"), the defendant in the underlying action, has filed a Motion to Intervene and Motion to Dismiss. Petitioner has filed a response to the Motions to Dismiss but not to the Motion to Intervene. Bishop filed a Reply in support of dismissal. The Court grants Bishop's motion to intervene and will now turn to the merits of the Complaint in Procedendo.
 {¶ 2} Petitioner filed a complaint against Bishop in the Stark County Court of Common Pleas relating to the termination of Petitioner's employment with Bishop. The case was assigned to Respondent, Judge Charles Brown. Petitioner also filed a whistleblower complaint with the Administrative Review Board ("ARB"), which remains pending. On September 17, 2007, Judge Brown sua sponte issued a stay of the case in the Stark County Common Pleas Court until a final decision is issued by the ARB in the whistleblower case.
 {¶ 3} Petitioner suggests the ARB often takes years to reach a final decision. The stay issued by Respondent has already been in effect for over one year. Respondent and Bishop aver the resolution of the ARB case is necessary prior to the disposition of the common pleas case. Respondent maintains a ruling on the ARB case is necessary to enable the trial court to consider summary judgment in the common pleas case. Bishop suggests it is necessary for the common pleas case to be stayed to ensure consistent judicial results. *Page 3 
 {¶ 4} To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." Miley, supra, at 65, citing State ex rel. Sherrills v. Cuyahoga Cty. Court of CommonPleas (1995), 72 Ohio St.3d 461, 462. The Supreme Court has noted, "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be." State ex rel. Davey v. Owen, 133 Ohio St. 96, *106, 12 N.E.2d 144, 149 (1937).
 {¶ 5} An "inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy."State ex rel. Levin v. Sheffield Lake (1994), 70 Ohio St.3d 104, 110.
 {¶ 6} "A writ of procedendo will issue requiring a judge to proceed to final judgment where the judge erroneously stayed the proceeding based on a pending case which has no effect on jurisdiction to proceed. SeeState ex rel. Davey v. Owen (1937), 133 Ohio St. 96, 105-106,10 O.O. 102, 106, 12 N.E.2d 144, 149." State ex rel. Weiss v. Hoover (1999),84 Ohio St.3d 530.
 {¶ 7} In a case similar to the case at bar, the Supreme Court held a writ of procedendo should issue where a trial court abuses its discretion in issuing an indefinite stay, "[W]e find that the situation in the case at bar presents such an abuse of discretion because both the Court of Claims and the court of common pleas have issued stays of proceedings, thereby precluding Edwards from litigating his wrongful death claim. We cannot agree that the interests of Judge Tyack and Judge Crawford in preserving their *Page 4 
right to control their dockets is paramount to Edwards' interest in having his claims litigated without undue delay." While there are not two simultaneous stays in this case, the delay which has been imposed in the case before Respondent, coupled with the potential length of time in reaching a resolution in the ARB case, unjustifiably interferes with Petitioner's right to have his claims litigated. As previously noted, the common pleas court action has already been stayed for over one year. Although the claims in both the Common Pleas case and the federal court case may be factually interrelated, state claims can exist independent of those in federal court.
 {¶ 8} The Writ of Procedendo is issued. Respondent shall place the underlying case on Respondent's active docket.
 {¶ 9} MOTION TO DISMISS DENIED.
 {¶ 10} WRIT ISSUED.
Hoffman, P.J. Gwin, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Petitioner's Writ of Procedendo is hereby issued. Costs taxed to Respondent. *Page 1