THE STATE EX REL. DUNCAN, APPELLANT, *v.* DEWEESE, JUDGE, APPELLEE.

[Cite as *State ex rel. Duncan v. DeWeese,*

**132 Ohio St.3d 525, 2012-Ohio-3835.]**

*Court of appeals' judgment dismissing complaint for writ of mandamus affirmed—Sentencing entry did not need to contain a disposition concerning specifications that defendant was charged with but was not convicted of.*

(No. 2012-0904—Submitted August 22, 2012—Decided August 30, 2012.)

APPEAL from the Court of Appeals for Richland County, No. 2011 CA 102.

_____

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the court of appeals dismissing the petition of appellant, Roy Duncan, for a writ of mandamus to compel appellee, Richland County Common Pleas Court Judge James DeWeese, to issue a new sentencing entry. Duncan asserts that his current sentencing entry is not a final, appealable order.

**{¶ 2}** Contrary to Duncan's assertion, to be final and appealable, the sentencing entry did not need to contain a disposition concerning specifications that Duncan was charged with but was not convicted of. *See State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672, ¶ 3; *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41, ¶ 2.

**{¶ 3}** The December 8, 2009 sentencing entry for Duncan fully complies with Crim.R. 32(C) and R.C. 2505.02 because it states that he was convicted by a

jury of specified crimes, it sets forth the sentence, it is signed by the judge, and it was entered upon the journal by the clerk of court.[1] *Rose* at ¶ 2.

**{¶ 4}** Therefore, Duncan is not entitled to the requested extraordinary relief in mandamus to compel Judge DeWeese to enter a new sentencing entry.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Roy Duncan, pro se.

James J. Mayer Jr., Richland County Prosecuting Attorney, and Jill M. Cochran, Assistant Prosecuting Attorney, for respondent.

_____

---

1. The entry orders Duncan to "pay restitution for medical expenses to Kathy Ward, Richard Miller, or providers." In a subsequent entry denying Duncan's motion for resentencing, the court stated that Duncan owed no monetary restitution. The entries thus resolved any issue concerning restitution.