[Cite as *State ex rel. Harper v. Lucas Cty. Common Pleas Court*, 2017-Ohio-614.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio, ex rel. William Harper          Court of Appeals No. L-16-1236

    Relator

v.

Lucas County Common Pleas Court
and Judge Stacy Cook                           **DECISION AND JUDGMENT**

    Respondents                                Decided:  February 21, 2017

* * * * *

William Harper, pro se.

* * * * *

**JENSEN, P.J.**

{¶ 1} In this original action, relator William Harper seeks a writ of mandamus and a writ of procedendo compelling the respondents to issue a final and appealable order in his criminal case (case No. G-4801-CR-0201402871.)  The respondents are the Lucas County Court of Common Pleas and Judge Stacy Cook.

{¶ 2} Because we find that relator is not entitled to either writ, we dismiss the complaint.

## Procedural History

{¶ 3} On October 26, 2014, relator was indicted on two counts. Count 1 was attempt to commit murder, a violation of R.C. 2923.02 and 2903.02, a felony of the first degree, with a three-year firearm specification in violation of R.C. 2941.145. Count 2 was felonious assault, a violation of R.C. 2903.11(A)(2), a felony of the second degree, with a three-year firearm specification in violation of R.C. 2941.145.

{¶ 4} The parties reached a plea agreement whereby relator pled guilty to attempted murder, with a one-year firearm specification. In exchange, the state agreed not to prosecute relator as to Count 2.

{¶ 5} The trial court sentenced relator on March 23, 2015. The sentencing order states,

> The Court finds on February 27, 2015 the defendant entered a plea of guilty and was found guilty by the Court of Count 1. * * * It is ORDERED that defendant serve a term of 10 years in prison. An additional term is imposed as a mandatory and consecutive term pursuant to R.C. 2929.14(C)(1)(a) of 1 year for a total of 11 years in prison. * * * Pursuant to the request of the State of Ohio a nolle prosequi is entered as to Count 2.

{¶ 6} After sentencing, relator filed a motion to correct his sentence with the trial court. Relator claimed that the March 23, 2015 judgment entry was not a final, appealable order because the court failed to enter a "nolle prosequi" as to the

2.

firearm specification attached to Count 2.  Relator demanded a new hearing and to be resentenced.

{¶ 7} The state responded.[1]  It argued that any error by the trial court could be corrected by issuing a nunc pro tunc order.  On December 9, 2015, the trial court ruled on the motion and included the following "clarification":

> JUDGMENT ENTRY
>
> Upon due consideration of the motion of relator, therefore, the Court finds said motion well-taken only as to clarification, and shall issue a nunc pro tunc sentencing entry by separate entry, clarifying that the nolle prosequi as to Count 2 necessarily included dismissal of the attached firearm specification.  The nunc pro tunc entry shall be retroactive, and date back to the original sentencing entry of March 23, 2015.  As to the remaining relief requested by defendant, the Court finds the motion not well-taken and DENIED.

{¶ 8} Relator filed the instant action with the court of appeals on October 24, 2016.

---

[1] Relator attached his motion and the state's response to his complaint in the instant case. Several pages of the state's response, and all of the attachments thereto, however, were missing.

3.

## Law and Analysis

{¶ 9} For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 451 N.E.2d 225 (1983).

{¶ 10} The Supreme Court of Ohio has outlined the necessary requirements for an order to be a final and appealable order in a criminal case:

> A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.

{¶ 11} In this case, the trial court's March 23, 2015 sentencing entry contains (1) the manner of conviction, which was by way of a plea agreement, (2) the sentence of ten years on Count 1 plus an additional one year for the gun specification, (3) the signature of the judge, and (4) the time stamp indicating the entry was entered on the clerk's journal. Because the entry contained all of the requirements to be a final, appealable order, we find that the order was final and appealable.

{¶ 12} Relator argues, however, that the firearm specification attached to Count 2 "remains pending" and that its absence from the March 23, 2015 sentencing order prevents it from being a final and appealable.

4.

{¶ 13} Relator is incorrect. As noted by the trial court, the Supreme Court of Ohio has ruled on this precise issue. It has held "to be final and appealable, [a] sentencing entry [does] not need to contain a disposition concerning specifications that [the defendant] was charged with but was not convicted of." *State ex rel. Duncan v. DeWeese*, 132 Ohio St.3d 525, 2012-Ohio-3835, 974 N.E.2d 1197, ¶ 2 (Affirming dismissal of defendant's mandamus petition to compel trial judge to issue a new sentencing entry).

{¶ 14} Therefore, because the specification was dismissed at the time of the original sentencing, relator has failed to show that he has a clear, legal right to the relief requested. Accordingly, we deny his request for a writ of mandamus.

{¶ 15} To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be." *State ex rel. Davey v. Owen*, 133 Ohio St. 96, 106, 12 N.E.2d 144 (1937).

{¶ 16} In support of his case, relator states,

[His] sole Claim for writ of procedendo is to compel [the trial court], after correcting the errors highlighted in this complaint, to bring [relator's]

5.

Case to full and final disposition of all counts and specifications. If this results in a de novo sentencing hearing, then [relator] asks this Court to compel respondent to provide him with one and with a final appealable order in compliance with Crim.R. 32(C).

{¶ 17} For the reasons already discussed, relator is not entitled to be resentenced or to a hearing. Accordingly, we deny his request for a writ of procedendo.

{¶ 18} Relator's complaint for writs of mandamus and procedendo is dismissed at relator's costs.

{¶ 19} **To the clerk:**

{¶ 20} The clerk is directed to serve upon all parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

Writs denied.

Arlene Singer, J.

Thomas J. Osowik, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.