[Cite as *State ex rel. Marsh v. Serrott*, 2019-Ohio-622.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Stacey L. Marsh, | : | |
| Relator, | : | |
| v. | : | No. 17AP-857 |
| Hon. Judge Mark A. Serrott, for Court of Common Pleas, Franklin County, Ohio, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on February 21, 2019

**On brief:** *Stacey L. Marsh,* pro se.

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Arthur J. Marziale, Jr.,* for respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

HORTON, J.

{¶ 1} Relator, Stacey L. Marsh, an inmate incarcerated at London Correctional Institution, has filed an original action seeking a writ of procedendo ordering respondent, the Honorable Mark A. Serrott, judge of the Franklin County Court of Common Pleas, to vacate relator's judgment of criminal conviction and sentence.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate. Respondent filed a motion to dismiss the complaint and deny the writ, which the magistrate has granted. Neither party has filed objections to the magistrate's decision and the matter is now before the court for our independent review.

{¶ 3}    Procedendo is an order from a court of superior jurisdiction issued to compel a lower court to proceed to judgment.  In order to be entitled to a writ of procedendo, relator must establish a clear legal right to require the respondent court to proceed, a clear legal duty on the part of that court, and the lack of an adequate remedy in the ordinary course of law.  *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996).  The writ of procedendo is appropriate when the lower court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.  *Id.*  Procedendo will not lie to control judicial discretion and compel a given outcome in a case.  *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995).  Nor will procedendo lie to compel an act that has already been performed.  *State ex rel. Lester v. Pepple*, 130 Ohio St.3d 353, 2011-Ohio-5756, ¶ 1.

{¶ 4}    The magistrate noted that relator is not entitled to a writ of procedendo in this case for two reasons.   First, his complaint seeks to compel the trial court to reach a desired outcome in the case, rather than merely proceed with the matter.  Second, relator has subsequently obtained the desired outcome in trial court proceedings and a writ is unnecessary.

{¶ 5}    In the absence of objections, and following our independent review of the matter, we find that the magistrate has properly determined the facts and applied the appropriate law.  We therefore adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, and deny the writ of procedendo through dismissal of the complaint.

*Writ denied; complaint dismissed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Stacey L. Marsh, | : | |
| Relator, | : | |
| v. | : | No. 17AP-857 |
| Hon. Judge Mark A. Serrott, for Court of Common Pleas, Franklin County, Ohio, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on May 3, 2018

*Stacey L. Marsh,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Arthur J. Marziale, Jr.,* for respondent.

### IN PROCEDENDO
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 6}  Relator, Stacey L. Marsh, filed this original action requesting this court issue a writ of procedendo ordering respondent, the Honorable Mark A. Serrott, judge of the Franklin County Court of Common Pleas, to rule on his motion to vacate judgment of conviction as contrary to law which relator filed on February 23, 2017.

Findings of Fact:

{¶ 7}  1. Relator is an inmate currently incarcerated at London Correctional Institution.

{¶ 8} 2. In February 1984, relator was arrested and charged in case Nos. 84JU-1160 (Robbery) and 84JU-1353 (Aggravated Robbery).

{¶ 9} 3. Following a hearing on March 23, 1984, relator was ultimately bound over, tried as an adult, found guilty, and sentenced accordingly.

{¶ 10} 4. In the years that followed, relator filed various motions for judicial release, which have been denied.

{¶ 11} 5. In response to relator's February 23, 2017 motion to vacate in the underlying case No. 84CR-875, the state filed a memoranda contra on March 17, 2017.

{¶ 12} 6. Thereafter, additional motions were filed, hearings were scheduled, and private counsel was appointed.

{¶ 13} 7. Following a hearing on April 10, 2018, the trial court suspended relator's sentence and placed him on community control for a period of three years. (See court's decision and entry filed April 16, 2018.)

{¶ 14} 8. On March 28, 2018, respondent filed a motion to dismiss.

{¶ 15} 9. Relator has not filed a response to respondent's motion to dismiss and the matter is currently before the magistrate.

Conclusions of Law:

{¶ 16} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of procedendo, and grant respondent's motion and dismiss this action.

{¶ 17} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 18} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal

duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.

{¶ 19} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.*

{¶ 20} An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 21} Procedendo is an order from a court of superior jurisdiction to proceed to judgment: it does not attempt to control the inferior court as to what the judgment should be. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995).

{¶ 22} As an initial matter, the magistrate notes that a writ of procedendo is appropriate where a trial court has refused to enter a judgment or has unnecessarily delayed proceeding to judgment. Although at the time he filed this petition for a writ of procedendo on December 6, 2017, the trial court had not yet ruled on his motion to vacate judgment of conviction, motions and responses thereto were being filed in the trial court. Ultimately, the filings led to a hearing on April 10, 2018. Although the delay between the filing of the motion and the hearing is clearly long, the record is also clear the trial court did not unnecessarily delay proceeding. For this reason, relator cannot demonstrate that he is entitled to a writ of procedendo.

{¶ 23} Furthermore, relator's sentence has now been suspended and he is being released from custody on community control for a period of three years. Inasmuch as

relator has now received the relief which he sought to compel, the matter is moot, and a writ of procedendo is inappropriate.

{¶ 24} Based on the foregoing and for the above-stated reasons, it is this magistrate's decision that this court should grant respondent's motion and relator's procedendo action should be dismissed.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).