[Cite as *State ex rel. Rose v. Camplese*, 2025-Ohio-5711.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO ex rel.
JOHN R. ROSE,

        Relator,

    - vs -

ALBERT S. CAMPLESE,
JUDGE,

        Respondent.

**CASE NO. 2025-A-0059**

Original Action for Writ of Procedendo

---

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: December 22, 2025
Judgment: Petition dismissed

---

*John R. Rose*, pro se, PID# A781-855, Mansfield Correctional Institution, 1150 North Main Street, P.O. Box 788, Mansfield, OH 44901 (Relator).

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Respondent).

PER CURIAM.

{¶1} On October 20, 2025, Relator, John R. Rose, filed a Petition for Writ of Procedendo seeking an order compelling Respondent, Judge Albert S. Camplese, to rule on Relator's Motion for Appointment of Counsel filed in Case No. 22-JG-19/24-JG-86 in the Ashtabula County Court of Common Pleas, Juvenile Division. Relator is currently an inmate at Mansfield Correctional Institution.

{¶2} On November 3, 2025, we issued an Alternative Writ.

{¶3}   On November 18, 2025, Respondent filed a Motion to Dismiss pursuant to Civ.R. 12(B)(6). Relator did not respond to the Motion to Dismiss.

{¶4}   In his Motion to Dismiss, Respondent argues that Relator failed to state a claim upon which relief can be granted because Relator has not demonstrated that Respondent refused to or has unduly delayed ruling on his Motion for Appointment of Counsel.

{¶5}   "As a general matter, procedendo . . . will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger*, 2003-Ohio-3631, ¶ 5. "A writ of procedendo will not issue unless the relator establishes a clear legal right to that relief and that there is no adequate remedy at law." *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 1995-Ohio-26, ¶ 4.

{¶6}   An action for writ of procedendo is subject to dismissal under Civil Rule 12(B)(6) "for failure to state a claim upon which relief can be granted . . . if, after all factual allegations are presumed true and all reasonable inferences are made in [relator's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in . . . procedendo." *State ex rel. Agosto v. Cuyahoga Cty. Court of Common Pleas*, 2008-Ohio-4607, ¶ 7.

{¶7}   "[N]either procedendo nor mandamus will generally issue to compel a court to release its decisions promptly." *State ex rel. Nalls v. Russo*, 2002-Ohio-4907, ¶ 31. A court may deny a writ of procedendo where the delay is relatively minimal. *See id.* The Ohio Supreme Court has held that two to three weeks between filing a motion and a relator filing a petition for procedendo is only a minimal delay. *Berthelot v. Dezso*, 1999-

Case No. 2025-A-0059

Ohio-100, ¶ 10; *State ex rel. Sherrills*, 1995-Ohio-26 at ¶ 6; *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35-36 (1995).

{¶8}  In this case, the Petition fails to state when Relator filed his underlying Motion for Appointment of Counsel. According to Respondent, Relator filed his Motion on October 1, 2025. That is to say, Relator filed his Petition only 19 days after filing his Motion for Appointment of Counsel. Since there has been no undue delay, Relator can "prove no set of facts establishing his entitlement to extraordinary relief." *State ex rel. Sherrills* at ¶ 6.

{¶9}  As an additional, independent basis for dismissal, Relator has failed to comply with R.C. 2969.25 in filing his Petition. R.C. 2969.25 sets forth specific filing requirements for an inmate who files a civil action, including a procedendo petition, against a government employee or entity. R.C. 2969.25(C) provides:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
>> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>>
>> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶10}  "These requirements are mandatory and an inmate's failure to comply with them is a proper basis for dismissal of the action." *Robinson v. State*, 2021-Ohio-3865, ¶ 8. "Noncompliance with the mandatory requirements of R.C. 2969.25 is fatal to a

Case No. 2025-A-0059

complaint for a writ of mandamus and warrants dismissal of the inmate's action." *State ex rel. Swain v. Adult Parole Auth*., 2017-Ohio-9175, ¶ 2.

{¶11} Relator did submit an affidavit of indigency with his Petition that stated that he receives $12.00 a month for hygiene items. However, he failed to state the balance of his inmate account and failed to set forth all other cash and things of value that he owned at the time of filing. Therefore, the Petition is subject to dismissal for failure to comply with R.C. 2969.25(C).

{¶12} Accordingly, Respondent's Motion to Dismiss is granted, and Relator's Petition for Writ of Procedendo is dismissed without prejudice.


MATT LYNCH, J., JOHN J. EKLUND, J., SCOTT LYNCH, J., concur.

Case No. 2025-A-0059

## JUDGMENT ENTRY

For the reasons stated in the Per Curiam Opinion of this court, Respondent's Motion to Dismiss is granted, and Relator's Petition for Writ of Procedendo is dismissed without prejudice.

Costs are taxed against Relator.

_____
JUDGE MATT LYNCH,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-A-0059