[Cite as *White v. Ritchey*, 2013-Ohio-4164.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| TERRENCE J. WHITE, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | CASE NO. 12 MA 98 |
| V. | ) | |
| | ) | OPINION |
| LAURIE E. RITCHEY, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Court of Common Pleas, Domestic Relations Division of Mahoning County, Ohio Case No. 10DR19

JUDGMENT:      Affirmed


For Plaintiff-Appellant      Attorney David L. Engler
100 DeBartolo Place, Suite 315
Boardman, Ohio 44512

For Defendant-Appellee      Attorney Maurus Malvasi
11 Overhill Road
Youngstown, Ohio 44512


JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite


Dated: September 18, 2013

[Cite as *White v. Ritchey*, 2013-Ohio-4164.]
DONOFRIO, J.

{¶1}   Plaintiff-appellant, Terrence White, appeals from a Mahoning County Common Pleas Court, Domestic Relations Division decision determining that it was an inconvenient forum to determine the issue of child custody.

{¶2}   Appellant and defendant-appellee, Laurie Ritchey, were divorced by order of the Mahoning County Domestic Relations Court on April 21, 2010.  The parties share one son, born April 25, 1997.  A shared parenting plan was incorporated into the divorce decree whereby appellant was named the residential parent and appellee was granted visitation.

{¶3}   In April 2011, the parties modified the shared parenting plan so that appellee was named the residential parent and appellant would enjoy visitation.

{¶4}   In February 2012, appellee filed a petition for protection from abuse with the Lawrence County Court in Pennsylvania alleging that appellant had threatened her.  At that time, the Lawrence County Court granted a temporary order of protection, pending a further hearing.

{¶5}   On March 7, 2012, appellant filed a motion in the Mahoning County Domestic Relations court to terminate the shared parenting plan and name him as the residential parent.

{¶6}   The Lawrence County Court judge contacted the Mahoning County court advising it that appellee had registered the trial court's order with it and filed a complaint for custody in Lawrence County.

{¶7}   Based on the contact from the Lawrence County Court, the Mahoning County court gave the parties the opportunity to brief the issue of whether Ohio was an inconvenient forum to hear the case.   And on April 26, 2012, the trial court issued an order transferring this matter to Lawrence County.  It found that Pennsylvania was the more appropriate forum.

{¶8}   Appellant filed a timely notice of appeal on May 25, 2012.

{¶9}   Appellant now raises a single assignment of error, which states:

THE   TRIAL   COURT   ERRED   BY   ABUSING   THEIR   [sic.]
DISCRETION   IN   DETERMINING   THE   ISSUE   OF   INCONVENIENT

FORUM.

{¶10} Appellant argues the trial court abused its discretion in finding that Ohio was an inconvenient forum in which to hear this case. He claims that the court erroneously relied on an allegation of domestic violence, as there was no proven domestic violence. He further contends that the amount of time the child has resided outside of Ohio is inapplicable because the child lived in Ohio for a longer amount of time and the distance between Mahoning County, Ohio and Lawrence County, Pennsylvania is negligible. Appellant next argues that the court erred in finding that the parties agreed to Pennsylvania having future jurisdiction when they agreed to the April 2011 shared parenting plan. He asserts the court could have just as easily concluded the parties agreed to Ohio having future jurisdiction. Finally, appellant contends Mahoning County could have handled the matter more expeditiously since it had all of the previous evidence and had a detailed knowledge of the case history. Instead, appellant asserts, Lawrence County is starting from scratch. He claims that because Mahoning County has handled this case from its inception in 2010, it is more familiar with it.

{¶11} The purpose of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) is to avoid conflicts between different states involving child custody cases. Ohio codified the UCCJEA in R.C. 3127.01 through R.C. 3127.53. The UCCJEA's intent was to ensure that a state court would not exercise jurisdiction over a child custody proceeding if a court in another state was already exercising jurisdiction over the child in a pending custody proceeding. *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶20-21.

{¶12} On appeal, we will only reverse a trial court's decision to exercise jurisdiction pursuant to the UCCJEA if the court committed an abuse of discretion. *In re N.R.*, 7th Dist. No. 09-MA-85, 2010-Ohio-753, ¶12. Abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶13} Pursuant to R.C. 3127.21(A):

A court of this state that has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more convenient forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or at the request of another court.

{¶14} In considering whether it is an inconvenient forum, the court shall consider whether it is appropriate for a court of another state to exercise jurisdiction. R.C. 3127.21(B). In making this determination, the court shall consider all relevant factors, including:

(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
(2) The length of time the child has resided outside this state;
(3) The distance between the court in this state and the court in the state that would assume jurisdiction;
(4) The relative financial circumstances of the parties;
(5) Any agreement of the parties as to which state should assume jurisdiction;
(6) The nature and location of the evidence required to resolve the pending litigation, including the testimony of the child;
(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;
(8) The familiarity of the court of each state with the facts and issues in the pending litigation.

R.C. 3127.21(B).

{¶15} In rendering its decision in this case, the trial court analyzed all of the

statutory factors in detail.

**{¶16}** As to the first factor dealing with domestic violence, the court noted the following. Appellee filed a petition for protection from abuse in the Lawrence County Court on February 17, 2012. In her petition, appellee alleged that appellant told their son he had purchased a gun and to tell his mother and her boyfriend that a "storm was coming." Appellee also alleged that appellant had previously threatened to shoot her and previously abused her. The Lawrence County Court issued a temporary protection order that day. The matter remained pending in that court. Appellant denied these allegations. The court found that because there was a current protection order currently in effect in Pennsylvania, that state was the best state to protect appellee and the child.

**{¶17}** As to the second factor regarding the length of time the child has resided outside of Ohio, the court noted that the child is 15 years old. He began residing in Pennsylvania in June 2011, a ten-month period up to that time. He is enrolled in the Mohawk School District. The Court noted that a child's home state is defined as the state in which a child lived with a parent for at least six consecutive months immediately preceding the commencement of child custody proceedings. Thus, the court concluded that Pennsylvania is the child's home state.

**{¶18}** As to the third factor concerning the distance between the two courts involved, the trial court stated that neither party claimed that the distance between Mahoning County and Lawrence County posed any obstacles. It pointed out that appellee stated the distance between the two courthouses was 20 miles.

**{¶19}** As to the fourth factor addressing the relative financial circumstances of the parties, the court noted that neither party offered evidence as to their income. But from the past court records, the trial court found appellant earned $38,115.00 per year as an elevator inspector and appellee was currently unemployed with her last yearly salary being $17,000.00. Thus, the court found a disparity in the parties' incomes.

**{¶20}** As to the fifth factor regarding any agreement the parties may have

made as to which state should assume jurisdiction, the court stated there did not appear to be any agreement. But the court found persuasive appellee's argument that one could infer that when the parties negotiated their modified shared parenting plan in April 2011, they agreed the child would become a Pennsylvania resident in June 2011, and as a resident the child would be subject to Pennsylvania jurisdiction.

**{¶21}** As to the sixth factor dealing with the nature and location of the evidence required to resolve the pending litigation, the court noted the child has lived in Pennsylvania since June 2011 and attends school in Pennsylvania. It further noted that when considering a motion to reallocate parental rights and responsibilities, two of the factors a court must consider are the child's interaction with the child's parents, siblings, and any other person who may significantly affect the child's best interest and the child's adjustment to home, school, and community. The court concluded that since the child resides in Pennsylvania, a majority of the evidence would stem from that state.

**{¶22}** As to the seventh factor addressing the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence, the court noted that appellant alleged the Lawrence County Court has shown it does not act expeditiously because it did not hold a hearing within 60 days of appellee's motion. But the court noted that no evidence was presented to support this allegation and appellant did not give a reason as to why continuances were granted.

**{¶23}** As to the eighth factor concerning the familiarity of the court of each state with the facts and issues in the pending litigation, the court pointed out the parties were divorced in Mahoning County in 2010. They reached an agreement and the matter did not proceed to trial. In 2011, the parties appeared before the court regarding parental rights and responsibilities. Once again, they reached an agreement and the matter did not proceed to trial. Therefore, the court concluded, other than the provisions set forth in the parties' agreed judgment entries, it did not have any greater familiarity with the parties' past history of parenting the child.

**{¶24}** The court concluded by noting that after the parties modified their shared parenting plan in April 2011, to provide for the child to live with appellee, the child now lives in Pennsylvania, attends school in Pennsylvania, and other than having parenting time with appellant in Ohio, the majority of his life is in Pennsylvania. Thus, the court found Ohio was an inconvenient forum and Pennsylvania was the more appropriate forum.

**{¶25}** Appellant makes several attacks on the trial court's judgment.

**{¶26}** He asserts the court relied upon an allegation of domestic violence. But it does not appear that the court did so. In fact, the court specifically noted that appellee made "allegations" against appellant and that appellant "vehemently denies" the allegations.

**{¶27}** Appellant further asserts the court failed to consider that the child lived in Ohio longer than he lived in Pennsylvania. The court found, however, that the child has spent from June 2011 to the present living in and attending school in Pennsylvania. Consequently, evidence of the child's current home life, school, and community involvement would all focus on Pennsylvania.

**{¶28}** Appellant next claims the court erred in finding that the parties agreed to Pennsylvania having future jurisdiction when they agreed to the most recent shared parenting plan. The court did not make this exact finding. In fact, the court stated: "There does not appear to be any agreement as to which state should assume jurisdiction." But it did go on to find appellee's argument "persuasive" that it could be inferred that when the parties negotiated their modified shared parenting plan, they agreed that the child would become a Pennsylvania resident, and as a resident he would be subject to Pennsylvania jurisdiction.

**{¶29}** Lastly, appellant contends Mahoning County could have handled the matter more expeditiously since it had a detailed knowledge of the case history. On the contrary, the court found that the Mahoning County Court was no more familiar with this case than the Lawrence County Court. It noted that no trials were ever held here because the parties reached settlement agreements on the only two occasions

they had matters pending in the court. Thus, the court was never given the opportunity to hear any evidence in this case and the case was only before it for two years.

{¶30} In sum, the court spent a great deal of time going into a detailed analysis of each of the eight statutory factors. It found several factors weighed in favor of Pennsylvania being the more convenient forum including the facts that Pennsylvania has already issued a temporary protection order (R.C. 3127.21(B)(1)), Pennsylvania is considered the child's home state (R.C. 3127.21(B)(2)), and the child resides in and attends school in Pennsylvania, thus most of the evidence in this case is in Pennsylvania (R.C. 3127.21(B)(6)). The court did not find that any factors weighed in favor of Ohio being the more convenient forum. We cannot find that the court misapplied the factors as appellant suggests. Based on the above, the trial court did not abuse its discretion in finding Ohio to be an inconvenient forum in this case.

{¶31} Accordingly, appellant's sole assignment of error is without merit.

{¶32} For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

Waite, J., concurs.