[Cite as *Hertlein v. Busic*, 2025-Ohio-4836.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

DREW HERTLEIN,

Relator,

v.

MAGISTRATE AMY BUSIC ET AL.,

Respondents.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 BE 0026

---

Writ of Procedendo

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Elgine Heceta McArdle,* McArdle Law Office, for Relator Drew Hertlein and

*Atty. Michael J. Shaheen,* for Third-Party Intervenor/Respondent Robin N. Baughman fka Hertlein and

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Respondents Judge John A. Vavra and Magistrate Amy L. Busic.

Dated: October 22, 2025

**PER CURIAM.**

**{¶1}** Relator Drew Hertlein ("Hertlein") filed a complaint for a writ of procedendo requesting this Court to compel Respondent Magistrate Amy L. Busic ("Magistrate Busic") and Respondent Judge John A. Vavra ("Judge Vavra") to proceed to judgment on his pending motion for contempt filed on January 14, 2025, and his motion to modify parenting time filed on May 30, 2025. Third-Party Intervenor-Respondent Robin N. Baughman, f.k.a. Hertlein ("Baughman"), filed a motion to dismiss and memorandum in opposition to the complaint for a writ of procedendo. Magistrate Busic and Judge Vavra filed a response in opposition, requesting the complaint for writ of procedendo be dismissed. Hertlein filed a belated reply without seeking leave of court, which we strike as untimely. For the reasons that follow, we grant the motions to dismiss and deny the requested writ.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** Drew Hertlein and Robin Baughman were granted a decree of dissolution of marriage on January 10, 2020, by the Belmont County Court of Common Pleas, Domestic Relations Division, in case No. 19 DR 0329. The dissolution decree incorporated the parties' separation agreement, which designated Baughman as the sole residential and custodial parent of the parties' three minor children. The agreement provided Hertlein with parenting time consisting of approximately one weekend per month and six weeks during the summer.

**{¶3}** Following the dissolution, Baughman relocated with the three minor children to Louisa County, Virginia, where they have resided continuously since. The children's lives are now firmly rooted in Virginia: they attend school there, participate in extracurricular activities, and have established relationships with local doctors and counselors. Meanwhile, Hertlein moved approximately three hours from Belmont County to Clinton County, Ohio, which is approximately seven hours from Baughman and the three children.

**{¶4}** Notably, both parties' relocations were contemplated at the time of the dissolution. As the trial court later found in its March 7, 2024 decision, "At the time of the parties' dissolution, Mother was relocating to Virginia, and Father was relocating to the

western part of Ohio. They gave considerable effort to address a parenting time schedule that would accommodate the children's schedule and the extensive driving for exchanges." The parties meet in Beckley, West Virginia to exchange the children. Despite both parties relocating outside of Belmont County, the separation agreement contained a jurisdictional retention clause in Article 2 that reads: "Jurisdiction to change or amend this provision shall remain with Belmont County, Ohio."

{¶5}   The parties' interstate living arrangement would eventually lead to the filing of multiple motions whose sequencing and timing now form the basis of this writ of procedendo.

{¶6}   In 2023, both parties filed motions to modify parenting time. Following a hearing, Magistrate Busic issued a decision on March 7, 2024, signed contemporaneously by Judge Vavra, denying both motions and finding the existing parenting schedule remained in the children's best interests. Neither party filed objections or an appeal.

{¶7}   On January 6, 2025, Baughman filed a motion to transfer the case to Louisa County, Virginia, pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), R.C. 3127.01 et seq. Baughman argued that neither parent nor any of the children had resided in Belmont County for over five years, that all of the children's schooling, medical care, and extracurricular activities occurred in Virginia, and that Ohio was an inconvenient forum under R.C. 3127.21.

{¶8}   On January 9, 2025, Magistrate Busic granted Hertlein fourteen days to respond to Baughman's motion. On January 14, 2025, before that response was due, Hertlein filed a motion for contempt alleging that Baughman had violated the parenting time provisions of the separation agreement. The next day, January 15, 2025, Magistrate Busic stayed the remainder of the case pending a decision on Baughman's motion to transfer jurisdiction to Virginia.

{¶9}   Following the filing of Hertlein's response opposing the transfer and Baughman's additional memorandum in support of her motion, Magistrate Busic issued a decision on February 14, 2025 finding Ohio to be an inconvenient forum. Hertlein filed objections to that decision on February 28, 2025.

{¶10} Judge Vavra issued an order on Hertlein's objection on March 7, 2025, noting that no evidentiary hearing had occurred and therefore no transcription was necessary. The court directed Baughman to submit any response to the objection by March 24, 2025, and permitted Hertlein to file a reply seven days thereafter.

{¶11} On March 11, 2025, while the motion to transfer jurisdiction to Virginia remained pending on remand, Hertlein filed a motion for show cause in Louisa County, Virginia, seeking enforcement of the Ohio dissolution decree in that jurisdiction. In a subsequent June 6, 2025 affidavit, Hertlein explained that he pursued the Virginia filing after being denied parenting time for several months. Virginia initially scheduled a hearing for May 9, 2025, but due to time constraints the matter was continued to September 22, 2025.

{¶12} On May 23, 2025, Judge Vavra issued a judgment journal entry remanding the case to Magistrate Busic with instructions to order the parties to file affidavits addressing the statutory factors under R.C. 3127.21(B). On May 27, 2025, Magistrate Busic ordered both parties to file affidavits. On May 30, 2025, Hertlein filed a motion to modify parenting time in Belmont County, Ohio.

{¶13} Following the filing of affidavits by both parties, Magistrate Busic issued a decision on June 10, 2025, again finding Ohio to be an inconvenient forum. Hertlein filed objections to this decision on June 13, 2025.

{¶14} On June 26, 2025, before Judge Vavra ruled on the objections, Hertlein filed the present complaint for a writ of procedendo in this Court. In his complaint, Hertlein alleged that the trial court had "unduly delayed adjudicating the case," resulting in him being "precluded from all contact with his children for approximately seven (7) months with an outright denial of his current summer parenting time." He sought extraordinary relief to compel the trial court to set his motions for contempt and modification of parenting time for hearing.

{¶15} On July 2, 2025, Judge Vavra issued a comprehensive judgment journal entry ruling on Hertlein's objections to Magistrate Busic's June 10, 2025 decision. Judge Vavra made three related rulings that together constituted the trial court's resolution of the motion to transfer jurisdiction to Virginia: (1) he overruled Hertlein's objections and adopted Magistrate Busic's finding that Ohio is an inconvenient forum under

R.C. 3127.21; (2) he ordered the case transferred to Louisa County, Virginia; and (3) he stayed Hertlein's pending motions for contempt and modification on the condition that either party file custody proceedings in Virginia within fourteen days. Judge Vavra further ordered the parties' counsel to provide notice of any Virginia filing and ordered the Clerk to prepare a certified copy of the entire case file for transfer to the appropriate Virginia court.

{¶16} Following Judge Vavra's decision, the Clerk of Courts in Belmont County transferred a certified copy of the case file to Louisa County, Virginia. On July 9, 2025, within the fourteen-day deadline specified in Judge Vavra's conditional stay order, Baughman filed visitation petitions in Louisa County requesting the Louisa County Court to exercise jurisdiction over the minor children. These custody jurisdiction petitions were distinct from Hertlein's earlier March 11, 2025 motion for show cause, which had sought enforcement of the Ohio decree rather than a determination of custody jurisdiction. The Louisa County Court received the certified copy of the case file on July 16, 2025.

{¶17} On July 23, 2025, an email from Judge Deborah S. Tinsley, Chief Judge of the 16th Judicial District of Virginia, was filed for record in Belmont County. In that email, Judge Tinsley indicated that the Louisa County Court had scheduled a hearing before Judge Areshini Pather for September 22, 2025. That hearing would address two distinct matters: (1) adjudication of Hertlein's March 11, 2025 motion for show cause seeking enforcement of the Ohio dissolution decree, and (2) determination whether Virginia would exercise jurisdiction over the custody case pursuant to Baughman's July 9, 2025 visitation petitions filed to satisfy Judge Vavra's conditional stay. Regarding the custody jurisdiction question, Judge Tinsley stated: "Given the order from your court relinquishing jurisdiction, *it appears* that Virginia *will be found* to be the more appropriate forum."

{¶18} On July 25, 2025, Hertlein filed a notice of appeal from Judge Vavra's July 2, 2025 judgment journal entry, which has been assigned appellate case No. 25 BE 0036.

{¶19} Following this Court's granting of Baughman's motion to intervene, she filed a motion to dismiss and memorandum in opposition to Hertlein's complaint for a writ of procedendo. Magistrate Busic and Judge Vavra filed their response in opposition to the complaint, providing a chronology of the proceedings and arguing that Hertlein cannot

demonstrate any of the factors necessary for a writ of procedendo and requested this Court dismiss the complaint for writ of procedendo. On October 9, 2025, Hertlein filed an untimely reply to the motions to dismiss in this Court without seeking leave.

{¶20} Following the filing of this procedendo action, Hertlein filed motions in the trial court related to child support and enforcement of a purported settlement agreement. The trial court scheduled all pending motions for a final hearing on December 18, 2025 pending a redetermination of whether jurisdiction is proper in Belmont County, Ohio. This scheduling of a hearing date—albeit tentatively and subject to a jurisdictional determination—arguably moots Hertlein's request for procedendo relief, as the trial court has now scheduled the very hearing that his complaint sought to compel.

## LAW

{¶21} In the absence of a local rule of court, the Ohio Rules of Civil Procedure apply to an original action in procedendo. *Bunkley v. State*, 2020-Ohio-4433, ¶ 11 (7th Dist.). Neither filing by Baughman nor by Magistrate Busic and Judge Vavra expressly cites a procedural rule as the basis for dismissal. Although Magistrate Busic and Judge Vavra's filing is styled "Response in Opposition to Complaint," Ohio courts construe motions by their substance rather than their caption. *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997); *Carter-Jones Lumber Co. v. JCA Rentals, LLC*, 2013-Ohio-863, ¶ 19 (7th Dist.). Because both filings seek dismissal, we treat them as motions to dismiss under Civ.R. 12(B)(6).

{¶22} A motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 2010-Ohio-2057, ¶ 11. "The applicable Civ.R. 12(B)(6) standard is whether, after presuming the truth of all material factual allegations in the complaint and all reasonable inferences therefrom in relators' favor, it appears beyond doubt that relators can prove no set of facts warranting relief." *State ex rel. Hummel v. Sadler*, 2002-Ohio-3605, ¶ 20, citing *Taylor v. London*, 88 Ohio St.3d 137, 139 (2000). With respect to original actions, the Ohio Supreme Court has also held that "Civ.R. 12(B)(6) dismissals may be based on 'merits' issues such as the availability of an adequate remedy in the ordinary course of law." *Id*.

The standard for such arguments is the same: whether it appears beyond doubt that relator can prove no set of facts warranting relief. *Id*.

**{¶23}** A writ of procedendo will issue only when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 14, citing *State ex rel. Culgan v. Collier*, 2013-Ohio-1762, ¶ 7. To state a claim, the relator must show (1) a clear legal right to require the court to proceed, (2) a clear legal duty to proceed, and (3) the lack of an adequate remedy at law. *Floyd*, at ¶ 14. However, "the writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be." *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995), quoting *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 600 (1992).

**{¶24}** Sup.R. 40(A)(3) advises that trial courts should rule on motions within 120 days, but this rule does not create an automatic right to a writ. *Culgan*, at ¶ 8-9. The Supreme Court of Ohio recognizes that factors such as discovery needs, settlement discussions, pending motions, or case complexity may justify a longer period. *Id*. at ¶ 12.

## ANALYSIS

**{¶25}** Applying the Civ.R. 12(B)(6) standard and presuming the truth of all factual allegations in Hertlein's complaint, we find that he has failed to state a claim for which a writ of procedendo may issue. Hertlein fails to establish entitlement to a writ of procedendo because the trial court acted: it entered a comprehensive judgment resolving the threshold forum issue and imposed a stay pending filings in Virginia. Even if Hertlein believes that judgment was erroneous, his remedy is by appeal, not procedendo.

### No Clear Legal Right to Compel Action

**{¶26}** Hertlein cannot establish a clear legal right to require Magistrate Busic and Judge Vavra to proceed on his contempt and modification motions because the trial court has already determined that Ohio is an inconvenient forum and has stayed further proceedings pending the commencement of custody proceedings in Virginia. The trial court did not refuse to act or unduly delay; rather, it made a deliberate decision to decline to exercise continuing jurisdiction under R.C. 3127.21.

Case No. 25 BE 0026

{¶27} The procedural chronology demonstrates active case management, not delay. After Baughman filed her motion to transfer on January 6, 2025, Magistrate Busic issued decisions on February 14, 2025 and June 10, 2025. Judge Vavra issued decisions on Hertlein's objections on March 7, 2025, May 23, 2025, and July 2, 2025. Magistrate Busic then ordered affidavits limited to the R.C. 3127.21(B) factors identified, and on June 10, 2025, issued a renewed decision addressing those factors; on July 2, 2025, the trial court adopted that decision. The court's measured approach to this complex jurisdictional issue, including remanding twice for supplemental findings and requiring party affidavits, does not constitute the type of delay or refusal to act that warrants procedendo.

{¶28} Hertlein filed his January 14, 2025 contempt motion in Belmont County after Baughman had already moved to transfer the case to Virginia, but before the court resolved that threshold jurisdictional question. Likewise, his May 30, 2025 motion to modify parenting time was filed after Judge Vavra had remanded for additional findings under R.C. 3127.21(B). A litigant cannot manufacture a right to immediate merits determinations while a dispositive jurisdictional question remains pending.

### Clear Legal Duty to Proceed

{¶29} Hertlein also cannot establish that Magistrate Busic and Judge Vavra had a clear legal duty to proceed to the merits before determining forum. To the contrary, they were obligated to first decide whether jurisdiction was proper in Belmont County before addressing the substance of either motion. The procedural chronology confirms active case management: the January 9, 2025 order granting time to respond; the January 15, 2025 stay; Magistrate Busic's February 14, 2025 forum decision; Judge Vavra's March 7, 2025 objection order establishing briefing; Judge Vavra's May 23, 2025 remand for further findings; the May 27, 2025 affidavit order; Magistrate Busic's June 10, 2025 post-remand decision; and Judge Vavra's July 2, 2025 judgment adopting the inconvenient-forum finding and staying proceedings.

{¶30} Sup.R. 40(A)(3) is an administrative guideline, not a jurisdictional mandate. The Supreme Court of Ohio has recognized that case complexity and overlapping motions may justify a longer deliberation period. *State ex rel. Culgan v. Collier*, 2013-

Case No. 25 BE 0026

Ohio-1762, ¶ 12. Unlike the "uncomplicated motion" pending over a year in *Culgan*, this case required detailed analysis of multiple statutory factors under R.C. 3127.21(B) and the submission of party affidavits. The court's deliberate approach demonstrates careful adjudication, not refusal to act or unnecessary delay. Moreover, R.C. 3127.21(C) provides that "[i]f a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, *it shall stay the proceedings* upon condition that a child custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper." (Emphasis added.)

{¶31} A writ of procedendo may be used to require a court to proceed to judgment, but not to control what that judgment should be. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). Because Judge Vavra had already exercised discretion by staying the matter and later resolving the forum issue, Hertlein cannot show a clear legal right to compel further action or a corresponding duty on Magistrate Busic and Judge Vavra to act contrary to that stay. The record reveals no refusal or undue delay by Magistrate Busic or Judge Vavra, but rather a measured process to resolve a controlling jurisdictional question. Further, if this Court granted the writ, it would compel them to act in contravention of the July 2, 2025 judgment, which is currently the subject of a pending appeal.

**Adequate Remedy by Appeal**

{¶32} Judge Vavra's July 2, 2025 judgment found Ohio to be an inconvenient forum under R.C. 3127.21 and stayed Hertlein's pending motions on the condition that either party commence custody proceedings in Virginia. That stay was an affirmative exercise of judicial judgment, not a failure to act. A writ of procedendo compels a court to proceed to judgment where it has refused or unduly delayed doing so; it cannot be used to reverse or dictate the outcome of a judicial decision. *Sherrills* at 462. Again, a writ of procedendo does not in any case attempt to control the inferior court as to what that judgment should be. *Id*. Where, as here, the trial court has already entered an order explaining why it will not proceed further, a writ of procedendo cannot compel a different result.

Case No. 25 BE 0026

{¶33} Even if Hertlein believes the July 2, 2025 order was erroneous or that the conditional stay exceeded the court's authority under the UCCJEA, his remedy lies in appeal. A writ of procedendo is inappropriate when the relator has an adequate remedy at law. *State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 14, citing *State ex rel. Culgan v. Collier*, 2013-Ohio-1762, ¶ 7. Procedendo is not a substitute for appeal or a vehicle to bypass ordinary appellate review. Hertlein has already perfected an appeal from the July 2, 2025 judgment in appeal case No. 25 BE 0036, where he may challenge both the inconvenient-forum finding and the conditional stay. The existence of that appeal demonstrates that an adequate remedy in the ordinary course of law is available.

{¶34} Even accepting Hertlein's contention that this conditional stay creates a jurisdictional limbo, with Ohio declining to proceed and Virginia not yet having formally accepted jurisdiction, such concerns go to the propriety of Judge Vavra's order, not whether he acted at all. The situation is complicated by two overlapping Virginia proceedings: Hertlein's March 11, 2025 motion for show cause seeking enforcement of the Ohio decree, and Baughman's July 9, 2025 custody petitions filed to satisfy Judge Vavra's conditional stay. Whether Hertlein's enforcement proceeding satisfies the condition, whether Baughman's custody petitions were required, whether Virginia will accept custody jurisdiction or only enforcement jurisdiction, and whether these distinctions affect the stay's validity are all substantive challenges properly raised on appeal. The conditional stay and Virginia's uncertain jurisdictional status do not establish that the trial court failed to act; rather, they raise questions about the propriety of Judge Vavra's order appropriate for appellate review in appeal case No. 25 BE 0036. Moreover, the current stay of the trial court proceedings is not the result of a "jurisdictional limbo." Ohio continues to have jurisdiction over this matter until Hertlein exhausts his appeal rights with respect to the July 2, 2025 judgment. The current stay of the trial court proceedings is the result of the pending appeal of the July 2, 2025 judgment entry.

{¶35} Every concern Hertlein might raise about the July 2, 2025 order is appropriate for appellate review in case No. 25 BE 0036. He may challenge whether the trial court abused its discretion in finding Ohio an inconvenient forum under R.C. 3127.21(B), whether the conditional stay exceeded the court's authority under the UCCJEA, whether the condition was inadequate by requiring only filing rather than

Virginia's actual acceptance of jurisdiction, whether the stay was properly structured given two distinct Virginia proceedings, whether the stay creates prejudice, and whether the court erred in declining to rule on his pending motions before transferring jurisdiction.

{¶36} These are all classic appellate arguments challenging the propriety of Judge Vavra's decision, not grounds for a writ of procedendo. Judge Vavra exercised his judicial discretion and ruled; procedendo cannot be used to reverse or control that decision, even if erroneous. The distinction is dispositive: because Judge Vavra entered an order, even if Hertlein believes that order was erroneous or created an untenable jurisdictional situation, the remedy is appeal, not a writ of procedendo. The problems Hertlein identifies with the July 2, 2025 order do not show that the court failed to act; they show why Hertlein has the appellate remedy he has already invoked in case No. 25 BE 0036.

{¶37} Therefore, Hertlein fails to demonstrate a clear legal right to require Magistrate Busic and Judge Vavra to proceed, a clear legal duty to proceed, and or absence of an adequate remedy in law. The trial court's July 2, 2025 decision reflects an exercise of judicial judgment, not a refusal to act, and Hertlein's pending appeal in case No. 25 BE 0036 provides a direct means of review. Because a writ of procedendo may not be used to control judicial discretion, correct alleged errors, or substitute for appeal, the writ is denied.

## CONCLUSION

{¶38} For the foregoing reasons, and applying the standard set forth in Civ.R. 12(B)(6), we find that even presuming the truth of all factual allegations in Hertlein's complaint, he has not established that Magistrate Busic or Judge Vavra refused to proceed, unduly delayed ruling, or otherwise failed to perform a clear legal duty. The record shows that the trial court acted by entering a July 2, 2025 order finding Ohio to be an inconvenient forum and staying further proceedings pending custody filings in Virginia. Because Hertlein has an adequate remedy by appeal in case No. 25 BE 0036, the extraordinary writ of procedendo is unavailable.

{¶39} Accordingly, in consideration of the foregoing, IT IS ORDERED that Relator's untimely reply filed October 9, 2025, is hereby STRICKEN. IT IS FURTHER

Case No. 25 BE 0026

ORDERED that Respondents' motions to dismiss are GRANTED and that this original action in procedendo is hereby DISMISSED. Writ denied.

{¶40} IT IS FURTHER ORDERED by the court, pursuant to Civ.R. 58, that the Clerk of the Belmont County Court of Appeals shall immediately serve upon all parties (including unrepresented or self-represented parties) notice of this judgment and its date of entry upon the journal. Costs assessed to Relator Drew Hertlein.

**JUDGE KATELYN DICKEY**

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**