[Cite as *In re Dissolution of Hertlein*, 2026-Ohio-1967.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

IN RE DISSOLUTION OF

ROBIN N. HERTLEIN,

PETITIONER-APPELLEE,

and

DREW MICHAEL HERTLEIN,

PETITIONER-APPELLANT.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 BE 0036

---

Domestic Relations Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 19 DR 329

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Michael J. Shaheen*, Shaheen Law Group, LLC, for Petitioner-Appellee and

*Atty. Elgine Heceta McArdle*, McArdle Law Office, for Petitioner-Appellant.

Dated:  May 27, 2026

**Robb, J.**

{¶1} Appellant, Drew Hertlein (Father), appeals the trial court's July 2, 2025 judgment rejecting his objections to the magistrate's decision, finding Ohio an inconvenient forum under R.C. 3127.21, and staying the Belmont County, Ohio proceedings pending transfer of the case. For the following reasons, we affirm.

<u>Statement of the Case</u>

{¶2} Appellee Robin and Father petitioned the Belmont County Court of Common Pleas for a dissolution of their marriage in November of 2019. Their petition states they were married in 2010 in Virginia and had three minor children together. They attached a copy of their separation agreement to their petition. (November 3, 2019 Petition.)

{¶3} The court granted the parties' dissolution and approved and incorporated the separation agreement into the decree. Article Two of the separation agreement governs the allocation of parental rights and responsibilities. It states the parties agreed Mother is the residential and custodial parent. Their agreement recognizes Mother resides in Virginia and Father resides in Ohio. In addition to other parenting time, the parties agreed Father was to have visitation one weekend per month and six weeks during the summer. Article Two also states: "Jurisdiction to change or amend this provision shall remain with Belmont County, Ohio." (January 10, 2020 Decree of Divorce.)

{¶4} In July of 2023, Father filed a motion to increase his parenting time. (July 31, 2023 Motion.) Mother filed a motion to dismiss in response, contending she filed an action in Louisa County, Virginia seeking to register the parties' foreign custody and visitation order there. She alleged Father opposed her efforts in Virginia, but the Virginia court accepted jurisdiction of the matter effective June 27, 2023. (August 23, 2023 Motion to Dismiss.)

{¶5} The trial court overruled Mother's motion to dismiss and found the state of Virginia had only accepted the case to enforce the parties' agreement; that state did not accept jurisdiction of the matter for purposes of modifying the court's prior orders. (September 28, 2023 Judgment.)

<u>Case No. 25 BE 0036</u>

**{¶6}**  Mother requested an in camera interview of one of the three children, which the trial court granted.  Mother also filed a competing motion to modify parenting time.  She asked the court to reduce Father's parenting time with their oldest child.  (January 25, 2024 Motion.)

**{¶7}**  After a full hearing on the matter, the magistrate denied both parties' motions to modify parenting time.  In the entry, the court noted the parties knew Mother was relocating to Virginia at the time of the dissolution, and it found no reason to alter Father's parenting time schedule.  The court concluded a modification was not in the best interests of the children and noted Father could add additional visits if he traveled to Virginia.  (March 7, 2024 Magistrate's Decision.)  Neither party filed objections, and the decision was adopted by the trial court.

**{¶8}**  Nine months later, Mother filed a motion to transfer the case to Louisa County, Virginia.  Mother averred that she and the children have resided in Virginia since 2019 and Father no longer lives in Belmont County, Ohio, and a transfer is in the best interests of the children.  (December 17, 2024 Motion to Transfer.)

**{¶9}**  On January 14, 2025, Father filed a petition with the court seeking to hold Mother in contempt of court for her failure to abide by the parties' shared parenting plan.  The court noted the filing of both motions and stayed the case pending disposition of Mother's request to transfer jurisdiction.  (January 15, 2025 Judgment.)

**{¶10}**  Father also opposed transfer of the case to Virginia.  He moved the court to allow his attorney to secure the testimony of the children in connection with his motion for contempt.  (January 16, 2025 Motion.)  The court ordered the motion for testimony "held" pending Mother's motion to transfer jurisdiction.  Mother opposed the contempt motion and Father's request to have the children testify in Ohio.  (January 24, 2025 Response.)

**{¶11}**  Mother thereafter filed a memorandum in support of her pending motion with an affidavit of her Virginia-based attorney in support.  Her attorney states in the affidavit that he intends to file motions in Louisa County to move the case there from Ohio.  Moreover, her counsel alleged there was an "investigation" in Ohio about "concerns of inappropriate conduct by the father against the children."  Counsel averred he was "working with" Louisa County children protective services to "maintain the safety of the children."  (February 6, 2025 Memorandum in Support.)

{¶12} The magistrate issued her first decision granting Mother's motion to transfer the case to Louisa County, Virginia on February 14, 2025. It determined that court was a more appropriate forum and the Belmont County Court of Common Pleas was no longer a convenient forum. Father objected to the magistrate's decision contending she failed to consider the statutory factors. (February 28, 2025 Father's Objection.)

{¶13} Mother filed a response. Father filed a reply in support of his objection. (March 28, 2025 Reply.) The trial court found Father's objections had merit in part and ordered the magistrate to reconsider the jurisdictional issue and address the factors in R.C. 3127.21. (May 23, 2025 Judgment.) The court granted both parties 14 days to submit affidavits addressing the applicable factors.

{¶14} On May 30, 2025, Father filed a motion to modify parenting time. Both parties filed their affidavits. Mother alleged she and the children reside in Virginia. Mother alleged that most witnesses could more easily testify and quickly appear in Virginia, whereas Ohio's jurisdiction requires multiple individuals to travel out of state.

{¶15} In Father's affidavit, he alleges Mother manufactured the allegations of abuse to manipulate the court system. He denies the allegations, contends they were not substantiated, but nevertheless argues the allegations allegedly occurred in Ohio, not Virginia. Father emphasized the parties agreed that Belmont County would retain jurisdiction of custody and parenting time issues, and the court had adopted their agreement. Additionally, Father asserted Mother denied his parenting time relative to one child for five months, and she denied his Christmastime visitation with all three children. (June 6, 2025 Affidavit of Father.)

{¶16} The magistrate subsequently sustained Mother's motion to transfer the case, finding Virginia a more convenient forum. The magistrate noted the majority of witnesses reside in Virginia, and both parties have sufficient means to travel. The decision also states neither party resides in Belmont County and although the parties agreed custody and visitation issues would be determined there, their agreement in this regard held "little weight." (June 10, 2025 Magistrate's Decision.)

{¶17} Father again filed objections to the magistrate's June 10, 2025 decision. He requested findings of fact and conclusions of law and requested a hearing due to his "continued denial of parenting time." (June 16, 2025 Objections.)

Case No. 25 BE 0036

**{¶18}** The trial court granted Mother time to respond and referred the matter back to the magistrate. The court noted Father's request for findings of fact and conclusions of law and suggested no further findings or conclusions may be necessary. The court further noted Father's request for a hearing, which it denied since holding a hearing was inconsistent with the issuance of a stay. (June 17, 2025 Entry.)

**{¶19}** Mother opposed the objection, and the magistrate issued another entry stating she considered the requisite factors and issued the necessary findings of fact. (June 25, 2025 Entry.)

**{¶20}** The trial court overruled Father's objections in part, sustained them in part, and issued the July 2, 2025 judgment appealed. The court adopted the magistrate's decision finding Ohio an inconvenient forum, but set forth several additional holdings, including:

> All pending matters in this Court including Petitioner Wife's Motion to Certify this case to Louisa County, Virginia, and Petitioner Husband's Motion to Modify and for Contempt, are stayed, as Ohio is now an inconvenient forum pursuant to O.R.C. 3127.21, and the said Virginia Court is a more appropriate forum;

> This stay order is conditioned on the Petitioners and/or either of them promptly commencing a child custody proceeding in the Virginia Court within (14) days;

**{¶21}** Mother subsequently filed her notice of filing an action in Louisa County, Virginia. And Father filed a motion to impound and suspend child support payments due to his alleged denial of visitation. Mother opposed and sought attorney's fees in connection with her response.

**{¶22}** On June 26, 2025, Father also filed a writ of procedendo against the judge and magistrate, asking this court to order the court of common pleas to rule on Father's motions for contempt and to modify his parenting time. We dismissed his petition in October of 2025 because Father had an adequate remedy at law via this appeal. *Hertlein v. Busic*, 2025-Ohio-4836, ¶ 5 (7th Dist.).

**{¶23}** On July 25, 2025, Father appealed the trial court's July 2, 2025 judgment. He raises five assignments of error.

Case No. 25 BE 0036

## Inconvenient Forum

**{¶24}** Father's first assigned error contends:

"The trial court abused its discretion in transferring jurisdiction to Virginia finding Ohio to be an inconvenient forum under R.C. 3127.21(B) without conducting an evidentiary hearing and relying solely on affidavits not subject to cross examination."

**{¶25}** Father contends the trial court erred by issuing its inconvenient forum decision transferring jurisdiction to Virginia based on the parties' pleadings and affidavits in support. He claims he was denied the right to due process based on the court's failure to hold a hearing and opportunity to cross-examine the relevant witnesses.

**{¶26}** Father also contends the trial court's decision was deficient for its failure to address each of the applicable statutory factors in its analysis. He also disagrees with the court's analysis of the factors it did address.

**{¶27}** Last, Father asserts Mother's conduct constitutes "unjustifiable conduct" as that term is defined in R.C. 3127.22, and as such, Virginia's counterpart to R.C. 3127.22 requires a finding that Ohio is the appropriate forum and the state of Virginia should decline to exercise jurisdiction. For the following reasons, each prong of this assignment of error lacks merit.

**{¶28}** Ohio has adopted the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), codified in Chapter 3127 of the Ohio Revised Code. Under the UCCJEA, a domestic relations court has discretion to assume or divest itself of jurisdiction over matters concerning interstate custody or visitation. Thus, our review of such decisions is for an abuse of discretion. *White v. Ritchey*, 2013-Ohio-4164, ¶ 12 (7th Dist.).

**{¶29}** We also review custody decisions for an abuse of discretion. "Custody issues are some of the most difficult and agonizing decisions a trial judge must make. Therefore, a trial judge must have wide latitude in considering all the evidence[,] . . . and such a decision must not be reversed absent an abuse of discretion." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997). The Ohio Supreme Court has defined an abuse of discretion as "an unreasonable, arbitrary, or unconscionable use of discretion," or "a view or action that no conscientious judge could honestly have taken." (Citation omitted.) *State v. Brady*, 2008-Ohio-4493, ¶ 23.

**{¶30}** R.C. 3127.21(A), *Inconvenient forum; more appropriate forum,* governs transfers of jurisdiction to other states and provides:

A court of this state that has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time *if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more convenient forum*. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or at the request of another court.

Emphasis added.)  And subsection (B) of R.C. 3127.21 identifies factors a court must consider when assessing whether it is an inconvenient forum.  R.C. 3127.21(B) states "[b]efore determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction.  For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including the following [factors.]"

{¶31}  R.C. 3127.19(A), *Notice and opportunity to be heard prior to custody determination*, states in part:

Before a child custody determination is made under this chapter*, notice and an opportunity to be heard in accordance with the standards set forth in section 3127.07 of the Revised Code shall be given to all persons entitled to notice* under the law of this state as in child custody proceedings between residents of this state, any parent whose parental rights have not been previously terminated, and any person having physical custody of the child.

(Emphasis added.)  And R.C. 3127.07 dictates that notice must be "given in a manner reasonably calculated to give actual notice but may be by publication if other means are not effective."  R.C. 3127.07 does not require a hearing, and nothing in Chapter 3127 states a hearing is required before a court is authorized to transfer a case based on an inconvenient forum determination.

{¶32}  There must only be sufficient undisputed facts in the record for a court to assess whether Ohio is an inconvenient forum under the UCCJEA.  *Martindale v. Martindale*, 2016-Ohio-524, ¶ 40 (4th Dist.).  In *Esaw v. Esaw*, 2003-Ohio-3485, ¶ 20-21 (7th Dist.), we held that where the record contains sufficient facts to determine jurisdiction, the failure to hold an evidentiary hearing is not error.

**{¶33}** In *Kemp v. Kemp*, 2011-Ohio-177 (5th Dist.), the Fifth District Court of Appeals also found a hearing is not required in this context. Instead, the UCCJEA only requires the parties to have the opportunity to submit information before the court scrutinizes the issue. Thus, the parties' submissions and counsels' arguments were sufficient and satisfied R.C. 3127.21(B), which only requires the parties be permitted to "submit information." *Id*. *Kemp* further emphasized the thoroughness of the briefing and counsel's arguments in the case before it. *Id*. at ¶ 26-28.

**{¶34}** The parties here, like those in *Kemp*, submitted detailed arguments in written briefs to the court. Furthermore, each submitted affidavits addressing the applicable statutory factors for the court to consider. We note that Father did not request a hearing until six months after Mother's motion to transfer the case to Virginia and approximately two months after the parties filed their respective affidavits on the issue. Moreover, his hearing request was made in connection with his motion alleging the denial of parenting time, not his motion in opposition to Mother's motion to transfer. The trial court overruled his request, noting it was inconsistent with the issuance of a stay.

**{¶35}** In light of the foregoing, the first aspect of Father's first assigned error lacks merit.

**{¶36}** Next, Father asserts that upon assessing all of the factors, the court erred by transferring jurisdiction. He contends the court failed to address all the statutory factors. Father also challenges the court's analysis. We disagree with Father's arguments.

**{¶37}** Courts must consider all relevant factors, including those in R.C. 3127.21(B). This provision states:

[T]he court shall allow the parties to submit information and shall consider
all relevant factors, including the following:

(1) Whether domestic violence has occurred and is likely to continue in the
future and which state could best protect the parties and the child;

(2) The length of time the child has resided outside this state;

(3) The distance between the court in this state and the court in the state
that would assume jurisdiction;

(4) The relative financial circumstances of the parties;

Case No. 25 BE 0036

(5) Any agreement of the parties as to which state should assume jurisdiction;

(6) The nature and location of the evidence required to resolve the pending litigation, including the testimony of the child;

(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;

(8) The familiarity of the court of each state with the facts and issues in the pending litigation.

The statute does not require a court to detail its consideration of each factor in writing; it must simply consider them. *Id.*

**{¶38}** The court adopted the magistrate's decision finding Ohio an inconvenient forum in the July 2, 2025 judgment appealed. The court found the following. Mother and the children have not resided in Ohio since the issuance of the divorce decree. Further, Father does not reside in Belmont County; he lives in Clinton County, Ohio. Neither the children nor Mother have resided in Ohio for more than four years.

**{¶39}** The court found the majority of the evidence and witnesses relative to the case are located in Virginia, not Ohio. Although some witnesses reside in Ohio, the majority live in Virginia. The court recognized the parties agreed to have Belmont County maintain jurisdiction. However, the court did not find this agreement controlling and noted it was giving it "little weight." The court found there were no allegations of domestic violence and both parties have the financial means to litigate the matter in either state. The court found the Louisa County court would be able to hear the case in an expeditious manner, and a "continuation hearing" was already set there in September of 2025. In conclusion, the court found Ohio was an inconvenient forum and Virginia was the more appropriate forum. (July 2, 2025 Judgment.)

**{¶40}** Father, on the other hand, contends the court ignored the fact that it was more familiar with the case than any Virginia court. Father also heavily relies on the allegations of abuse against him, which were unfounded but were alleged to have occurred in Ohio. Thus, he claims the Ohio-based officials, who closed the investigation and declined to prosecute him, were paramount to his arguments.

**{¶41}** We conclude the trial court appropriately weighed the relevant factors upon fashioning its decision. Although the trial court acknowledged certain witnesses

and Father were located in Ohio, it found Virginia the more appropriate forum since the majority of evidence and witnesses are located there. The court further recognized the parties' agreement for Belmont County to retain jurisdiction. Notwithstanding, this was but one of several relevant factors to be weighed upon determining whether Ohio was an inconvenient forum.

**{¶42}** Thus, we disagree with the second aspect of Father's first assigned error since the trial court's analysis of the relevant factors supports its decision and does not demonstrate an abuse of discretion.

**{¶43}** Last, Father relies on Virginia's counterpart of R.C. 3127.22, *Unjustifiable conduct; expenses,* and seemingly contends the State of Virginia should decline to exercise jurisdiction based on Mother's conduct in Ohio.

**{¶44}** As Mother contends, this argument was not raised to the trial court, and as such, it is waived. *Falcon Drilling Co., LLC v. Omni Energy Group, LLC*, 2024-Ohio-2558, ¶ 87 (7th Dist.), citing *Mauldin v. Youngstown Water Dept.*, 2019-Ohio-5065, ¶ 11 (7th Dist.) (appellate courts will generally not address an argument not raised to the trial court).

**{¶45}** Notwithstanding waiver, we also conclude the plain language of the statute shows it does not apply. R.C. 3127.22 states:

(A) Except as otherwise provided in section 3127.18 of the Revised Code or another law of this state, *if a court of this state has jurisdiction under this chapter because a person seeking to invoke its jurisdiction has engaged in unjustifiable conduct, the court shall decline to exercise its jurisdiction unless one of the following applies*:

(1) The parents and all persons acting as parents have agreed to the exercise of jurisdiction.

(2) A court of the state otherwise having jurisdiction under sections 3127.15 to 3127.17 of the Revised Code determines that this state is a more appropriate forum under section 3127.21 of the Revised Code or a similar statute of the state.

(3) No court of any other state would have jurisdiction under the criteria specified in sections 3127.15 to 3127.17 of the Revised Code.

. . .

Case No. 25 BE 0036

(D) As used in this section, "unjustifiable conduct" means conduct by a parent or that parent's surrogate that attempts to create jurisdiction in this state by removing the child from the child's home state, secreting the child, retaining the child, or restraining or otherwise preventing the child from returning to the child's home state in order to prevent the other parent from commencing a child custody proceeding in the child's home state.

(Emphasis added.)

**{¶46}** First, the statute states a court must *decline* to exercise jurisdiction when a parent engages in "unjustified conduct." As stated, Father argues Ohio should be maintaining jurisdiction, not declining jurisdiction. For this reason, R.C. 3127.22 does not apply.

**{¶47}** Additionally, Father's argument that Mother was surreptitiously attempting to create jurisdiction in Virginia does not match the facts here. Father contends Mother's conduct of refusing to follow the trial court's visitation order and her removal of the children from Ohio show she engaged in "unjustified conduct." Yet, Mother and Father acknowledged from the outset of the proceedings that Mother and the children would reside in Virginia. Further, the parties agreed Belmont County would retain jurisdiction for parenting and custody issues. Nothing tends to show Mother sought to prevent Father from commencing a custody proceeding in Ohio. And Mother's motion to transfer jurisdiction was filed nine months after the trial court's March 7, 2024 decision denying Father's motion to increase parenting time. (December 17, 2024 Motion to Transfer.)

**{¶48}** Father subsequently filed a petition seeking to hold Mother in contempt of court for her failure to abide by the parties' shared parenting plan before filing his opposition to the motion to transfer. Thereafter, Father also filed a second motion to modify his parenting time. The court noted the filing of both motions and stayed the same pending disposition of Mother's request to transfer jurisdiction. (January 15, 2025 Judgment.)

**{¶49}** In light of the foregoing, the third prong of Father's first assigned error lacks merit since R.C. 3127.22 does not apply.

**{¶50}** Thus, his first assigned error lacks merit in its entirety.

Case No. 25 BE 0036

<u>Stay Pending Transfer</u>

**{¶51}** We address Father's second, third, fourth, and fifth assigned errors collectively, which contend:

"[2.] The trial court exceeded its authority under the UCCJEA by issuing a conditional stay in Ohio prior to Virginia accepting jurisdiction over the modification issue.

"[3.] The trial court's stay was not properly structured given two distinct Virginia proceedings.

"[4.] The trial court erred in declining to rule on Father's pending motions before transferring jurisdiction.

"[5.] The trial court's stay created actual prejudice to Father denying him due process of law."

**{¶52}** In these assignments of error, Father asserts the trial court's issuance of a stay denied him due process because it denied him a court with the authority to enforce his parenting time rights. He claims the stay also denied his right to be heard on his contempt motion against Mother.

**{¶53}** Father claims the trial court should have addressed his motion for contempt before ruling on Mother's motion to transfer the case to Virginia. Father relies on the best interest factors in R.C. 3109.04(F)(4) in support of his arguments.

**{¶54}** First, we note R.C. 3109.04 governs court awards allocating parental rights and responsibilities; it does not address a decision to stay proceedings pending transfer to a more convenient forum. Thus, Father's reliance on this provision is misplaced.

**{¶55}** Instead, once a court determines it is an inconvenient forum and another court is a more appropriate forum, R.C. 3127.21(C) governs. R.C. 3127.21(C) states:

If a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, *it shall stay the proceedings* upon condition that a child custody proceeding be promptly commenced in another designated state and *may impose any other condition the court considers just and proper*.

(Emphasis added.) Thus, once the court found it was an inconvenient forum and the Louisa County court was a more appropriate one, it was required to stay further proceedings.

<u>Case No. 25 BE 0036</u>

{¶56} Consistent with the mandate in R.C. 3127.21(C), upon the issuance of the requisite stay, the trial court reserved addressing the merits of Father's parenting time and contempt motions. This is the nature of a stay of proceedings, i.e., halting the proceedings and the issuance of judgments. STAY, *Black's Law Dictionary* (12th ed. 2024). Further, we note Father's motion for contempt and motion to modify his parenting time were filed after Mother's motion to transfer the case from Belmont County. Thus, Father's claimed denial of due process is unfounded since the trial court followed the governing statute, and Father's arguments can be addressed upon transfer.

{¶57} To the extent Father contends the trial court lacked the authority to stay the proceedings pending the Virginia court's acceptance of jurisdiction, we disagree.

{¶58} R.C. 3127.21(C) plainly states a court determining it is an inconvenient forum may also "impose any other condition [it] considers just and proper" in connection with the issuance of a stay of proceedings. Consequently, the trial court here was empowered to condition its stay and transfer of the case pending one of the parties initiating child custody proceedings in the Virginia court within 14 days and requiring the parties to alert the Belmont County court about the Virginia proceedings thereafter.

{¶59} In light of the foregoing, Father's second, third, fourth, and fifth assigned errors lack merit.

## Conclusion

{¶60} Father's assignments of error lack merit, and the trial court's decision is affirmed.


Hanni, J., concurs.

Dickey, J. concurs.


Case No. 25 BE 0036

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**